903 F.2d 1410
 Fed. Sec. L. Rep. P 95,760
Morgan B. RAIFORD, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Thomas F.
Morris, Defendants-Appellees.
Bernice B. RAIFORD, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Thomas F.
Morris, Defendants-Appellees.
 No. 89-8051.
 United States Court of Appeals,
Eleventh Circuit.
 June 22, 1990.
 
 James A. Parker, Parker and Day, Atlanta, Ga., for plaintiff-appellant.
 Paul W. Stivers, Rogers & Hardin, Dan F. Laney, III, Atlanta, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before TJOFLAT, Chief Judge, VANCE*, Circuit Judge, and ALLGOOD**, Senior District Judge.
 TJOFLAT, Chief Judge:
 
 
 1
 On April 8, 1983, appellants, Morgan and Bernice Raiford (the Raifords), filed separate but identical complaints in federal district court alleging that appellees Merrill Lynch, Pierce, Fenner & Smith, Inc. and Thomas Morris (Merrill Lynch)[1] had defrauded the Raifords in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b) (1988), Rule 10b-5, 17 C.F.R. Sec. 240.10b-5 (1988), and Georgia laws. According to the Raifords, Merrill Lynch had improperly managed their individual accounts by engaging in transactions that "were excessive in number and amount and were unsuitable in light of the investment objectives and needs" of the Raifords; furthermore, this excessive activity in the Raifords' accounts resulted in substantial, unwarranted commissions, fees, taxes, interest on margin debt, and principal losses.
 
 
 2
 In May 1985, the district court granted Merrill Lynch's motion to stay proceedings pending arbitration of the state and federal claims. The Raifords, who had separate individual accounts with Merrill Lynch, subsequently filed separate claims with the Arbitration Department of the National Association of Securities Dealers (NASD), and the two proceedings were consolidated for purposes of hearing and award. In their claims, the Raifords alleged that Thomas Morris had engaged in excessive unauthorized transactions with the Raiford accounts (churning), had used margin debt when expressly instructed not to do so, and had ignored the Raifords' investment objectives of preserving their capital and earning an income commensurate with income derived from investment in high quality securities.
 
 
 3
 Based on this conduct, the Raifords proposed two theories of liability: (1) Merrill Lynch's conduct "constituted a device, scheme, practice and course of business used to defraud the [Raifords] in violation of Section 10(b) of the Securities Exchange Act of 1934, ... Rule 10b-5, ... and Article III of the Rules of Practice of the NASD"; and (2) Merrill Lynch's conduct "constituted ... a breach of fiduciary duty and a fraud under the laws of the State of Georgia." The Raifords requested actual damages based on their federal law claim and actual and punitive damages based on their state law claim.
 
 
 4
 The NASD arbitration panel heard the controversy and awarded the Raifords $10,000. The panel's award gave no legal or evidentiary justification for the award: it simply stated that Merrill Lynch and Thomas Morris would be jointly and severally liable to the Raifords in the amount of $10,000. The Raifords moved the district court to reactivate and consolidate the cases and to vacate or modify the panel's award. The Raifords argued that their claims were primarily for damages resulting from the churning of their accounts in violation of the federal securities laws. Damages from churning typically include the amount of commissions, margin interest, and trading losses incurred during the churning period. Since this sum greatly exceeded the amount awarded, the Raifords claimed that the award should be set aside. Merrill Lynch responded by moving for confirmation of the award pursuant to 9 U.S.C. Sec. 9 (1988) and for imposition of sanctions under Fed.R.Civ.P. 11.
 
 
 5
 In a single order, the district court reactivated and consolidated the cases, confirmed the award, and denied the motion for Rule 11 sanctions. In confirming the $10,000 award, the district court noted that it had extremely limited power of review over an arbitrator's award, that none of the statutory bases for vacating an award were present, and that, even if the manifest-disregard-of-the-law standard were part of this circuit's law, the record did not reveal that the arbitrators had manifestly disregarded the law. We agree.
 
 
 6
 Although the Supreme Court has held that the grounds for vacating an arbitrator's award are limited to five statutory categories, see 9 U.S.C. Sec. 10; Wilko v. Swan, 346 U.S. 427, 436 & n. 22, 74 S.Ct. 182, 187 & n. 22, 98 L.Ed. 168 (1953), several federal courts have found other grounds, derived from the statutory list, for vacating such awards. Specifically, some courts have held that an award should be vacated when the record indicates that the arbitrator manifestly disregarded the law. See, e.g., Jenkins v. Prudential-Bache Secs., Inc., 847 F.2d 631 (10th Cir.1988); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930 (2d Cir.1986). Also, some courts, including this court, have held that an award may be vacated if it is "arbitrary or capricious." See United States Postal Serv. v. National Assoc. of Letter Carriers, 847 F.2d 775, 778 (11th Cir.1988) (and cases cited therein). The Raifords maintain that the district court abused its discretion in confirming the award[2] in this case because the arbitrators manifestly disregarded the law and because the award is arbitrary and capricious. We reject both arguments.
 
 
 7
 Manifest disregard of the law "means more than error or misunderstanding with respect to the law." Bobker, 808 F.2d at 933. To prove that an arbitrator manifestly disregarded the law, a party must show (1) that the error is so obvious that it would be "readily and instantly perceived" by a typical arbitrator, and (2) that the arbitrator was subjectively aware of the proper legal standard but proceeded to disregard it in fashioning the award. Id. Furthermore, the knowing disregard of the law must be apparent on the face of the record. See O.R. Secs., Inc. v. Professional Planning Assocs., 857 F.2d 742, 747 (11th Cir.1988).
 
 
 8
 This court has never adopted the manifest-disregard-of-the-law standard; indeed, we have expressed some doubt as to whether it should be adopted since the standard would likely never be met when the arbitrator provides no reasons for its award (which is typically the case). See Professional Planning, 857 F.2d at 747 & n. 4. Even if we were to adopt the standard, however, the Raifords have not made the necessary showing to convince us that the district court abused its discretion in confirming the award. We note simply that the arbitrators gave no explanation whatsoever regarding the award. Since nothing on the face of the record indicates that the arbitrators were aware of some legal standard which they ignored in fashioning their award, we certainly cannot say that the district court abused its discretion in confirming the award.
 
 
 9
 We think the Raifords' contention that the award was arbitrary and capricious is equally without merit. The Raifords argue that since they were primarily claiming damages for churning, and since those damages must have been substantially greater than $10,000, the award was arbitrary and capricious. An award is arbitrary and capricious only if " 'a ground for the arbitrator's decision can[not] be inferred from the facts of the case.' " See Siegel v. Titan Indus. Corp., 779 F.2d 891, 894 (2d Cir.1985) (quoting Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir.1972)); see also Drummond Coal Co. v. United Mine Workers of Am., Dist. 20, 748 F.2d 1495, 1497 (11th Cir.1984) (award may be vacated if irrational).
 
 
 10
 In this case, the Raifords brought federal and state law claims. Notwithstanding the Raifords' assertions, success on these claims would not inevitably result in one, undisputed measure of damages from which the arbitrators could not stray. For example, the arbitrators might have found no violation of the federal securities laws but might have found a violation of Georgia's law of fraud. Since the Raifords requested actual and punitive damages, it is conceivable that the arbitrators awarded nominal actual damages and $10,000 in punitive damages for committing state law fraud. Indeed, the facts and claims in this case indicate that the arbitrators could have fashioned their award based on any number of valid reasons. We therefore hold that the award was not arbitrary or capricious and that the district court did not abuse its discretion in confirming the award.
 
 
 11
 We conceivably could vacate the award and recommit the case to the arbitration panel for a statement of reasons for its award. With such a statement, the district court, and this court, could more actively review the award under the manifest-disregard and arbitrary-or-capricious standards. However, "[a]rbitration proceedings are summary in nature to effectuate the national policy favoring arbitration," Legion Ins. Co. v. Insurance Gen. Agency, Inc., 822 F.2d 541, 543 (5th Cir.1987); therefore, arbitrators have never been required to explain their awards, see Professional Planning, 857 F.2d at 747. We think that recommitting cases such as this to the arbitration panel for explanations would defeat the policy in favor of expeditious arbitration. When the parties agreed to submit to arbitration, they also agreed to accept whatever reasonable uncertainties might arise from the process.
 
 
 12
 For the foregoing reasons, the district court's judgment is
 
 
 13
 AFFIRMED.
 
 
 
 *
 Judge Robert S. Vance was a member of the panel that heard oral argument but due to his death on December 16, 1989 did not participate in this decision. This case is decided by a quorum. See 28 U.S.C. Sec. 46(d)
 
 
 **
 Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 Thomas Morris was the broker for Merrill Lynch who was personally responsible for the Raifords' accounts. Unless otherwise specified, we refer to Morris and Merrill Lynch collectively as "Merrill Lynch."
 
 
 [2]
 A district court's disposition of a motion to vacate an arbitration award under the Arbitration Act, 9 U.S.C. Sec. 1 et seq., is reviewed only for abuse of discretion