**Darwin L. SCHMIDT, Plaintiff–Appellee,**

v.

**Ian Lee FINBERG, Richard B. Bartlett, Painewebber, f/k/a Paine, Webber, Jackson & Curtis, Inc., Defendants–Appellants.**

No. 90–3788.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1991.

**1572**

Steven M. Greenbaum, Miami, Fla., for defendants-appellants.

William L. Lyman, Clearwater, Fla., for plaintiff-appellee.

Before BIRCH, Circuit Judge, TUTTLE, Senior Circuit Judge, and FULLAM *, Senior District Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from an order of the trial court denying a motion by Painewebber, et al. to vacate an award in favor of Schmidt by an arbitration panel of the New York Stock Exchange (NYSE).

## I. STATEMENT OF THE CASE

In October 1986, appellee Darwin L. Schmidt filed a complaint against appellants, Painewebber, Finberg and Bartlett (Painewebber) in Orange County, Florida Circuit Court to recover losses sustained in his commodities account which had been handled by appellants. Appellants caused the case to be removed to the Federal Court then had the Federal Court stay the proceedings pending arbitration as provided in the agreement between Schmidt and

Painewebber. In November 1987, Schmidt submitted a controversy to the three-member panel of the NYSE for decision. In August 1989, Schmidt filed his amended statement of claim after Painewebber filed its answer. The dispute was set for final arbitration hearing for February 9, 1989. Approximately one month before the scheduled hearing, the parties mutually agreed to an adjournment. The hearing was then rescheduled for June 1, 1989. After the hearing was set for June 1, counsel for Schmidt and counsel for the appellants again stipulated to an adjournment as both attorneys were scheduled to participate in another NYSE arbitration proceeding which had previously been set for June 1. The panel granted the requested adjournment and rescheduled the hearing for January 16, 1990 through January 18, 1990. On December 12, 1989, Schmidt requested a continuance citing as grounds discovery disputes which had arisen between the parties. He also stated that his expert witness would be unavailable on that date. The parties met, however, on January 16 in a pre-hearing conference. The panel solved several issues at the pre-hearing conference and then told the parties that they should let the panel know as soon as possible when they would be available for the final hearing in May 1990.

Shortly thereafter, appellants' counsel wrote the chairman of the panel:

> At the pre-hearing conference which took place on January 16, 1990, the parties and the arbitration panel discussed possible dates for scheduling a final hearing in the above-referenced matter. Everyone agreed to look at their schedules for the first three weeks of May and report back to you. My witnesses and I can be available for hearing during the first week of May, however, we would not be available during the second and third weeks of May.

The panel set the hearing for May 8, 9 and 10. Appellants protested to the panel, contending that the setting was during the

* Honorable John P. Fullam, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

second week of May and stating that Finberg, a principal witness and a party to the litigation, had been previously committed to participate in an investment seminar in Las Vegas, Nevada on May 9 and 10. The panel refused to change the date of the hearing and it proceeded to a conclusion. The panel awarded substantial damages to Schmidt.

Painewebber then filed a motion in the district court to vacate the award and Schmidt filed a motion to confirm the award. The trial court granted Schmidt's motion and this appeal followed.

## II. STATEMENT OF THE FACTS

In addition to the facts just recited, it is important to know what objection appellants made to the panel's proceeding with the hearing in the absence of Finberg who decided to attend the seminar on May 9 and 10 and not appear at the arbitration hearing. Appellants notified the panel that: "Cancelling the engagement would cause immediate and irreparable damage to his (Finberg's) credibility and reputation in the commodities industry."

Appellants do not challenge the decision of the arbitration panel on the merits. They challenge only its refusal to postpone the hearing or to extend it in order to receive Finberg's testimony.

## III. STANDARD OF REVIEW

■ The standard of review from a trial court's denial of a motion to vacate an arbitration award under the Federal Arbitration Statute is an abuse of discretion standard. *See Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 1410, 1412, n. 2 (11th Cir.1990). We must bear in mind that the burden on the appellant here is to convince this Court that it was an abuse of discretion by the district court not to find "misconduct" by the arbitration panel when it denied appellants' request for a postponement and its request to continue the hearing for additional time to receive Finberg's testimony.

In applying that standard, federal courts are guided by the statute itself which provides in relevant part:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration award—

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

## IV. DISCUSSION

### (A) *The Merits*

Appellants contend that the trial court abused its discretion in not vacating the arbitration award on two grounds:

(1) That the arbitrator set the final hearing on a date on which it had been notified by appellants that Finberg, a respondent and witness, had already committed himself to participate in an investment seminar on the day following the first day set for the hearing. They claim that this was particularly inexcusable because the panel had requested both parties to notify the panel as to when they would be available for the final hearing during the month of May and they had notified the panel that they would not be available the second and third weeks of May but would be available the first week.

(2) For not continuing the hearing after it was concluded following three days of testimony, for a period long enough to permit Finberg to give his testimony.

■ In applying the statutory grounds for the granting of a motion to vacate an award, we must always bear in mind that the basic policy of conducting arbitration proceedings is to offer a means of deciding disputes expeditiously and with lower costs than in ordinary litigation. *See, O.R. Securities, Inc. v. Professional Planning Associates, Inc.,* 857 F.2d 742 (11th Cir.1988);

and *Raiford v. Merrill Lynch,* 903 F.2d 1410 (11th Cir.1990).

As is frequently the case, the arbitrators here gave no reason for denying appellants' request for postponement of the hearing. However, Painewebber immediately wrote and requested a reconsideration, stating:

> As stated in my April 5, 1990 correspondence, Mr. Finberg is scheduled to speak at a seminar on May 9 and 10, 1990. What I failed to make clear in my last letter was the importance of this seminar to Mr. Finberg's livelihood. A prime component of Mr. Finberg's business is speaking to people at various investment related seminars. This particular seminar is so important that Mr. Finberg agreed to speak at it over eight months ago. Brochures have been prepared identifying Mr. Finberg as a speaker. It is vitally important that Mr. Finberg honor his prior commitments to speak at the investment seminar. If he fails to speak, he runs the risk of impairing business relationships and good will which he has spent years to establish. Unfortunately, Mr. Finberg's partner, Richard Bartlett cannot replace him at the seminar since he, too, is a named respondent in this proceeding. *Mr. Finberg wants to have his voice heard in this arbitration and Respondents believe his attendance for the entire hearing is critical.* (Emphasis supplied.)

The panel response was as follows: "The arbitrators have denied Respondents' adjournment request."

The issue then comes down to the question whether there was any reasonable basis for the arbitrators to refuse to postpone the hearing or to continue it in order to receive Finberg's testimony. We are of the view that there were several good and sufficient reasons to support the panel's action.

First, the panel may have been confused as to what was meant by Painewebber's statement that it would be available the "first" week in May. The panel set the hearing for three days, May 8, 9 and 10. This was the first *full* week in May as the month began on the previous Tuesday. Although this is not discussed by appellants in their brief, appellee suggests that this may have been the reason why the panel selected May 8 thinking it was in conformity with Painewebber's request.

Second, and more important, is the fact that in its request for postponement because of the absence of Finberg, Painewebber did not express a single word to indicate what testimony Finberg would give that would be material to the issues raised in the claim. As noted in the above quoted letter from Painewebber, it was stated that Finberg wanted his voice heard and that Painewebber "believed that his attendance for the whole hearing is critical." However, Painewebber made no proffer of testimony that he would give if the hearing was continued. Moreover, since Bartlett, who was also a respondent, was Finberg's partner in dealings with Schmidt, the panel could reasonably have believed that whatever testimony need be given on behalf of the respondents in replying to Schmidt's claims could be given by Bartlett.

Third, if Painewebber really believed that Finberg's testimony was "crucial," they had ample opportunity to have subpoenaed him or they could have taken his deposition.

Finally, the panel may have decided that the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes. Appellants claim that they were not responsible for the delays. However, it is true that more than a year of delays had been agreed to by them and although this was the first postponement Schmidt had requested without the consent of Painewebber, the panel may have felt that it was long past time that the arbitration was brought to a conclusion. It must also be remembered that if they had granted a further continuance, a rescheduling would have to meet the convenience of both parties and their witnesses and the members of the arbitration panel.

Because of these grounds on which the panel may have acted in denying the re-

spondent's request, we are of the view that there was no "sufficient" cause shown and there is no showing that any evidence that Finberg would have given was "pertinent" or "material" to the controversy. We also conclude that because of what we have stated above, there was no "misbehavior" by which the rights of Painewebber were prejudiced.

 As this Court has stated in *Raiford, supra:*

> We conceivably could vacate the award and recommit the case to the arbitration panel for a statement of reasons for its award.... However, "[a]rbitration proceedings are summary in nature to effectuate the national policy favoring arbitration." *Legion Ins. Co. v. Insurance Gen. Agency, Inc.,* 822 F.2d 541, 543 (5th Cir.1987); therefore, arbitrators have never been required to explain their awards, *see Professional Planning,* 857 F.2d at 747. We think that recommitting cases such as this to the arbitration panel for explanations would defeat the policy in favor of expeditious arbitration. When the parties agreed to submit to arbitration, they also agreed to accept whatever reasonable uncertainties might arise from the process.

903 F.2d 1410, 1413 (11th Cir.1990).

Schmidt also argues that Painewebber waived its right to move for vacation of the award by not seeking judicial relief from the panel's denial of continuance until after the panel made its decision against Painewebber. *See Nyall Storey v. Searle Blatt, Ltd.,* 685 F.Supp. 80 (S.D.N.Y.1988). In *Storey,* the District Court for the Southern District of New York stated:

> Here, respondent failed to undertake any of the steps that might reasonably have been required to preserve its right to seek vacatur. First, respondent fully participated at the hearing after the arbitrators determined to proceed. Second, after the close of hearings, respondent failed to seek judicial relief until after it had received an adverse decision. At minimum, respondent should have sought judicial relief prior to receipt of the award in order to preserve its objections to an adjournment denial.

Here it cannot be said that respondent fully participated at the hearing since Finberg, a party, was not present. However, we need not decide this issue which would require our deciding whether the district court would have jurisdiction over an interlocutory appeal before the arbitrators entered their final report. There are ample other grounds on which to base our decision. The remainder of the quoted language is fully applicable here.

**(B)** *Sanctions and Attorney's Fees*

 In the district court, Schmidt filed a motion for sanctions and attorney's fees under Rule 11, F.R.C.P., contending that Painewebber's motion to vacate the award was frivolous and contending that the arbitration agreement signed by the parties waived any court review of the arbitration award. The district court overruled this motion and Schmidt did not appeal from that court order.

After this appeal was filed, Schmidt filed a motion to grant sanctions and attorney's fees under rule 38, Fed.R.App.P. Interestingly, Schmidt filed no motion to dismiss this appeal on the grounds that it was frivolous. *See* 11th Cir.R. 42-2. Instead, he raised the frivolous issue only by a motion for sanctions. Therefore, instead of obtaining immediate action by a motion to dismiss, considerable additional time for final disposition of the case pending oral hearing and our decision on the merits was required before considering Schmidt's claim of frivolousness. This does not fit well with his claim that appellants have unduly delayed the final disposition of the case.

We conclude that this appeal is not frivolous. Considering all the facts and circumstances, we decline to find the appeal to be frivolous.

Appellee also claims that Painewebber waived its right to review the arbitration award by the language of the arbitration agreement. In making this argument, Schmidt ignores the provisions of NYSE Rule 627(b) which provides that: *"Unless*

*the law directs otherwise* all awards rendered pursuant to this Code shall be deemed final and not subject to review or appeal." (Emphasis supplied.) 9 U.S.C. § 10(c) states that an aggrieved party may seek judicial review when arbitrators are guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown. Although the trial court and we disagree with Painewebber's argument, its claims were based precisely on this section of the Code in seeking to vacate the award. In other words, "the law [does] direct otherwise."

## V. CONCLUSION

The judgment of the trial court is therefore AFFIRMED and the motion for sanctions and attorney's fees is DENIED.