Irene ROBBINS and Bert Shepherd, a/k/a Trustees of the Davis Robbins Family Trust, a/k/a Trustees of the Davis Robbins Marital Trust, Plaintiffs–Appellees,

v.

John DAY, PaineWebber Incorporated, Jerry Payne, Defendants–Appellants.

PAINEWEBBER INCORPORATED, Plaintiff–Appellant,

v.

Irene ROBBINS and Bert Shepherd a/k/a Trustees of the Davis Robbins Family Trust, a/k/a Trustees of the Davis Robbins Marital Trust, Defendants–Appellees.

Irene ROBBINS and Bert Shepherd a/k/a Trustees of the Davis Robbins Family Trust, a/k/a Trustees of the Davis Robbins Marital Trust, Plaintiffs–Appellees,

v.

David L. ARNOLD, W. David East, Defendants–Appellants,

Owen Vickers, Harvey Gotleib, Alabama Grease Products Company, Birmingham Hide and Tallow Company, Defendants.

William E. Richardson, et al., Unknown.

No. 91–7332.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1992.

N. Lee Cooper, A. Inge Selden, III, Luther Dorr, Jr., Maynard, Cooper, Frierson & Gale, Birmingham, Ala., for Paine-Webber.

Robert R. Baugh, F. Timothy McAbee, Sirote & Permutt, Birmingham, Ala., for Day.

J. Mark White, White, Dunn & Booker, Birmingham, Ala., for Jerry Payne.

John P. Scott, Balch & Bingham, Birmingham, Ala., for Arnold.

Lee H. Zell, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, Ala., for East.

Paul A. Liles, Richard F. Ogle, Schoel, Ogle, Benton, Gentle & Centeno, Birmingham, Ala., for Vickers, et al.

Robert B. Eubank, Birmingham, Ala., for Irene Robbins and Bert Shepherd.

Before COX and DUBINA, Circuit Judges, and BROWN *, Senior District Judge.

DUBINA, Circuit Judge:

Appellants PaineWebber Incorporated ("PaineWebber"), John Day, Jerry Payne, David Arnold, David East, et. al. (individually referred to by name or collectively as the "Brokers"), appeal the district court's order vacating an arbitration award and restoring the case on the district court's docket, 761 F.Supp. 773. For the reasons which follow, we reverse.

## I. PROCEDURAL BACKGROUND

In November and December, 1987, Irene Robbins and Bert Shepard (the "Trust-

---

* Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation.

ees"), trustees of the Davis Robbins Family Trust and the Davis Robbins Marital Trust (the "Trusts"), established brokerage accounts (the "Accounts") with PaineWebber for the benefit of the Trusts. The Accounts were established at PaineWebber after John Day, who had managed the Trusts' brokerage accounts for three years at another firm, became employed by PaineWebber.

Subsequently, the Trustees filed suit against the Brokers in the 30th Judicial Circuit of Alabama, alleging, *inter alia,* that the Brokers damaged the Trusts' Accounts by engaging in the unauthorized trading of options, by excessive trading which constituted churning the Accounts, and by preferentially allocating funds. The Trustees alleged that the above activity began when the Accounts were first established at PaineWebber and continued until March, 1988.

The action was properly removed by the Brokers to the United States District Court for the Northern District of Alabama. Pursuant to the arbitration clauses contained in the documents that established the Accounts, in the same day the action was removed, the Brokers filed a separate action to stay the removed lawsuit and to compel arbitration of all asserted claims. After discovery was completed, the district court stayed the action and referred all claims to the National Association of Securities Dealers, Inc. ("NASD") for arbitration.

After twelve days of arbitration hearings, the NASD panel awarded the Trustees $325,000.00 and dismissed the claims against two of the Brokers.[1] The arbitrators' decision did not explain their rationale for determining liability or their methodology for imposing damages.

The NASD Award "Case Summary" stated that the Brokers answered the Trustees' allegations by claiming that (1) the Trustees were aware of all trading activities; (2) the Accounts were handled in accordance with the Trustees' expressed instructions; (3) prior to the initiation of the lawsuit the Trustees never expressed any dissatisfaction with the Brokers' handling of the Accounts; and (4) the losses in the Accounts were due to the market break of October 19, 1987, when the equity investments in both accounts declined substantially.

The Brokers filed separate motions with the district court seeking confirmation of the arbitration award, while the Trustees moved to vacate the award. The district court ordered the parties to submit briefs and scheduled a hearing. After the briefs were submitted and the arbitration transcript was filed, the district court cancelled the hearing, entered its order vacating the arbitration award, terminated the stay, and reinstated the case on its trial docket. The Brokers then perfected this expedited interlocutory appeal.

## II. STANDARD OF REVIEW

■ We will review *de novo* the district court's order to vacate the arbitration award. By reviewing the district court's order *de novo* we are establishing two standards of review for a district court's findings upon an arbitration award.

■ It is well established in this circuit that a district court's denial of a motion to vacate an arbitration award under the Federal Arbitration Statute, 9 U.S.C. § 1, et seq. (1970 & Supp.1991), is reviewed under an abuse of discretion standard. *Schmidt v. Finberg,* 942 F.2d 1571 (11th Cir.1991) (citing, *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 1410, 1412, n. 2 (11th Cir.1990)). However, for the same policy reasons that establish the narrower abuse of discretion standard as appropriate when reviewing a trial court's denial of a motion to vacate an arbitration award, we will review the granting of a motion to vacate *de novo.*[2]

---

1. The Trustees originally sought $4,200,000.00 in actual damages, $12,000,000.00 in punitive damages, $12,600,000.00 in RICO damages, attorneys fees, costs, and expenses totaling over $26,800,000.00 in damages.

2. Other circuits review the district court's vacatur of an arbitration award *de novo.* See *Employers Ins. of Wausau v. National Union Fire Ins. Co.,* 933 F.2d 1481 (9th Cir.1991); *Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1020

In *Raiford,* this court recognized a national policy favoring arbitration. See also *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 *reh. den.,* 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987) ("The Arbitration Act thus establishes a federal policy favoring arbitration, requiring that we rigorously enforce agreements to arbitrate."). Our circuit has also noted that "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *Booth v. Hume Publishing, Inc.,* 902 F.2d 925 (11th Cir.1990) (quoting, *O.R. Securities v. Professional Planning Assoc.,* 857 F.2d 742, 745–46 (11th Cir. 1988)).

■ Accordingly, the Federal Arbitration Act presumes that reviewing courts will confirm arbitration awards and that the courts' review of the arbitration process will be severely limited. *Hume Publishing,* 902 F.2d at 932. By reversing a district court's denial of a motion to vacate an arbitration award only upon abuse of discretion, we further the presumption that the arbitration proceeding was proper. Similarly, when a district court goes against the presumption that it should affirm an arbitration award, we must review *de novo* to protect the integrity of the arbitration process.

By broadly reviewing the grant of a motion to vacate an arbitration award, while narrowly reviewing confirmation of an award, we emphasize the unique context of arbitration, which requires deferential judicial review to promote the primary advantages of arbitration—speed and finality. *De novo* review of the granting of a motion to vacate enables us to assess whether the district court accorded sufficient deference in the first instance, an assessment that a more restrictive appellate review would frustrate. See *Forsythe International,* 915 F.2d at 1020. When a district court denies a motion to vacate an arbitration award, deference is presumed and, therefore, in that context, review under an abuse of discretion is adequate.[3]

## III. DISCUSSION

### A. *Arbitration Awards are to be Reviewed Narrowly*

When reviewing a district court's order vacating an arbitration award, we must apply the same legal standards that bound the district court. *Stay, Inc. v. Cheney,* 940 F.2d 1457 (11th Cir.1991) (when making a *de novo* review of a summary judgment, this court must apply the same legal standards that bound the district court). It is well established that judicial review of a commercial arbitration award is extremely limited and federal courts should defer to the arbitrator's resolution of the dispute whenever possible. *Hume Publishing,* 902 F.2d at 931. The Congressional policy of promoting contractually imposed arbitration requires that courts do not intrude unnecessarily into questions settled by arbitration, lest the efficiency of the arbitration process be lost. *Anderman/Smith Operating Co.,* 918 F.2d at 1217.

■ The bases for the review of a commercial arbitration award are enumerated in 9 U.S.C. § 10 (Supp.1991);[4] *Schmidt,*

(5th Cir.1990); *Anderman/Smith Operating Co., v. Tennessee Gas Pipeline Co.,* 918 F.2d 1215, f.n. 2 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2799, 115 L.Ed.2d 972 (1991); *Independent Employees' Union of Hillshire Farm Co. v. Hillshire Farm Co.,* 826 F.2d 530, 532 (7th Cir.1987).

**3.** See Stephen H. Kupperman & George C. Freeman III, *Selected Topics in Securities Arbitration: Rule 15c2–2, Fraud, Duress, Unconscionability, Waiver, Class Arbitration, Punitive Damages, Rights of Review, and Attorney's Fees and Costs,* 65 Tul.L.Rev. 1547, 1602–1604 (1991).

The standard most likely to reflect the strong federal policy favoring arbitration is a hybrid standard—one that requires an appellate court to review confirmation of an award for an abuse of discretion and to review vacation of an award de novo. Such a standard would be even more deferential than [de novo review in both instances] ... since it would require rigorous review of rulings vacating awards but only limited review of rulings confirming awards.
*Id.* at 1604.

**4.** The statute provides in pertinent part:

942 F.2d at 1576; *Raiford,* 903 F.2d at 1411; *O.R. Securities, Inc.,* 857 F.2d at 745; and *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378 (11th Cir.1988). The statute does not allow courts to "roam unbridled" in their oversight of arbitration awards, but carefully limits judicial intervention to instances where the arbitration has been tainted in specified ways. *Raiford,* 903 F.2d at 1410; *Advest, Inc. v. McCarthy,* 914 F.2d 6 (1st Cir.1990). The statute does not allow an arbitration award to be vacated solely on the basis of error of law or interpretation but requires something more, such as misconduct pertaining to the proceedings on the part of the arbitrators or the parties. *O.R. Securities, Inc.,* 857 F.2d at 746.

Although the Supreme Court has limited the grounds for vacatur to the categories enumerated in 9 U.S.C. § 10, several federal courts have found other grounds, derived from the statutory list, for vacating arbitration awards in commercial cases. Specifically some courts have considered whether "manifest disregard of the law" by the arbitrators may warrant vacating an award. *O.R. Securities, Inc.,* 857 F.2d at 746; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930 (2d Cir.1986). Other courts, including this court, have held that an award may be vacated if it is "arbitrary and capricious." See *Raiford,* 903 F.2d at 1411–12 (citing *United States Postal Services v. National Assoc. of Letter Carriers,* 847 F.2d 775, 778 (11th Cir.1988)). Although these courts have retained a very limited power to review arbitration awards outside of section 10, nonreviewability remains the general rule and exceptions are rare. *Advest*

*Inc.,* 914 F.2d at 8; *Raiford,* 903 F.2d at 1413 ("When the parties agreed to submit to arbitration, they also agreed to accept whatever reasonable uncertainties might arise from the process.").

## B. The District Court's Vacatur of the Arbitration Award

The Trustees allege that the arbitration award was properly vacated because the arbitrators manifestly disregarded the law when fashioning the award, and they refused "to hear evidence pertinent and material to the controversy." See 9 U.S.C. § 10(a)(3).

### 1. Manifest Disregard of the Law.

Although "courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation," this court has considered whether the "manifest disregard of the law" by arbitrators is a proper basis for vacating an award in commercial cases. *Raiford,* 903 F.2d at 1411; *O.R. Securities,* 857 F.2d at 746 (citing *Bobker,* 808 F.2d at 937). Before a court may vacate an arbitration award on the basis of a manifest disregard of the law, "there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." *O.R. Securities, Inc.,* 857 F.2d at 747. There is inconsistency among courts throughout the United States on the degree of the "showing in the record" required to satisfy the manifest disregard of the law standard. Some courts require that the arbitrator's subjective awareness of the disregarded law be actually stated in the award, while others are willing to infer awareness. *O.R. Secu-*

10. Same; vacation; grounds; rehearing

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

controversy; or of any other misbehavior by which the rights of any party may have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that mutual, final, and definite award upon the subject matter was not made.

(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by arbitrators.

9 U.S.C. § 10 (Supp.1991).

*rities, Inc.,* 857 F.2d at 746 (citing *Stroh Container Co. v. Delphi Industries, Inc.,* 783 F.2d 743 (8th Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986)) (Although declining to adopt the manifest disregard of the law standard, the court stated that the standard could only be satisfied when "arbitrators understand and correctly state the law, but proceed to disregard the same."). For example, in the Second Circuit, awareness may be inferred if the governing law has such widespread familiarity, pristine clarity, and irrefutable applicability that a court could assume the arbitrators knew the rule, and not withstanding, "swept it under the rug." *Advest, Inc.,* 914 F.2d at 10; *Bobker,* 808 F.2d at 933.

■ Following Eleventh Circuit precedent, we decline to adopt the manifest disregard of the law standard. See *Raiford,* 903 F.2d at 1412. When no rationale is given for a lump sum award, as in this case, before we even consider reviewing the award on grounds not explicitly contained in the statute, we must first determine whether a rational ground for the arbitrators' decision can be inferred from the facts of the case. Where "a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." *Raiford,* 903 F.2d at 1413 (citing *Siegel v. Titan Indus. Corp.,* 779 F.2d 891, 894 (2d Cir.1985)) (quoting *Sobel v. Hertz, Warner, & Co.,* 469 F.2d 1211, 1216 (2d Cir.1972)); *Drummond Coal Co. v. United Mine Workers of Am.,* 748 F.2d 1495, 1497 (11th Cir.1984) (cited by *Raiford* for the proposition that an arbitration award may be vacated if irrational); *Barbier v. Shearson Lehman Hutton Inc.,* 948 F.2d 117 (2d Cir.1991).

■ It is well settled that arbitrators are not required to explain an arbitration award and that their silence cannot be used to infer a grounds for vacating the award. *O.R. Securities, Inc.,* 857 F.2d at 747. Therefore, to protect against negative inferences being derived from an arbitrator's silence, an arbitration award that only contains a lump sum award is presumed to be correct. *Hume Publishing,* 902 F.2d at

932; *Barbier,* 948 F.2d at 120–21. The onus is upon the party requesting the vacatur to refute this inference and in turn every rational basis upon which the arbitrator could have relied. *Schmidt,* 942 F.2d at 1577–78 (the court considers whether there was any reasonable basis upon which the arbitration panel may have acted); *O.R. Securities,* 857 F.2d at 748 ("At the outset, we note that . . . the moving party . . . had the burden to set out sufficient grounds to vacate the arbitration award in his moving papers," and "a party seeking to vacate an arbitration award on the grounds of manifest disregard of the law may not proceed by merely objecting to the results of arbitration."); *Chasser v. Prudential Bache Securities,* 703 F.Supp 78, 79 (S.D.Fla. 1988). Only after it is determined that there could be no proper basis for the award, should a court consider looking beyond the statute to determine the applicability of court made standards for the vacatur of an arbitration award.

### 2. Statutory Bases for Vacating the Arbitration Award—9 U.S.C. § 10(a)(3).

The Trustees allege that the arbitrators' failure to force the Brokers to testify and produce their personal financial statements is a proper basis for vacating the award. Although an arbitration award can be vacated under the arbitration statute, where "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; . . .," 9 U.S.C. § 10(a)(3), the section is not satisfied in this case.

■ The Brokers pled the Fifth Amendment's provision against self incrimination during the hearings and refused to testify because they were under indictment for securities fraud arising from the same set of facts which gave rise to the instant litigation. The award should not be vacated under section 10(a)(3) because prior to the arbitration hearings both PaineWebber and the Brokers moved to postpone the hearings until after the pending criminal proceedings concluded, which then would have made it possible for the Brokers to testify.

The Trustees opposed the continuance, and represented to the arbitration panel that the Brokers' testimony was "unimportant" to the Trustees' case. The Trustees stated in their "Opposition to Motion for Postponement of Hearing" that,

> The testimony of the Criminal Defendants is, at any rate, unimportant to either the civil or criminal proceedings. The principle proof against them in both is documentary....

In addition, the Trustees represented to the arbitrators that the Brokers had a right to invoke the Fifth Amendment. They stated to the arbitrators that,

> If the defendant [Brokers] wishes to plead the [f]ifth [a]mendment at trial [or hearing], he can do so. But the trial [or hearing] should go on as scheduled.

Based upon the above representations, the arbitration hearing was not postponed.

 A federal court may vacate an arbitrator's award under 9 U.S.C. § 10(a)(3) only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties and denies them a fair hearing. Further, an arbitration award must not be set aside for the arbitrator's refusal to hear evidence that is cumulative or irrelevant. *Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas Local 901*, 763 F.2d 34, 39 (1st Cir.1985). In the present case, it was within the arbitrator's broad discretion to accept the Trustees' representations that the Brokers' testimony was "unimportant" to their case and that if given would only provide cumulative evidence.

 An arbitrator enjoys wide latitude in conducting an arbitration hearing. Arbitration proceedings are not constrained by formal rules of procedure or evidence. *Hoteles Condado Beach*, 763 F.2d at 38; *Sunshine Mining Co. v. United Steelworkers of America*, 823 F.2d 1289 (9th Cir.1987); *Chasser*, 703 F.Supp. at 79. In applying the statutory grounds for the granting of a motion to vacate an award, we always bear in mind that the basic policy of conducting arbitration is to offer a means of deciding disputes expeditiously and at lower costs. *Schmidt*, 942 F.2d at 1576. Thus, the Federal Arbitration Act allows arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues. *Hume Publishing*, 902 F.2d at 931 (citing *O.R. Securities*, 857 F.2d at 747–48). The arbitrator is not bound to hear all the evidence tendered by the parties; he need only give each party the opportunity to present its arguments and evidence. *Forsythe International*, 915 F.2d at 1022 ("an arbitrator should be expected to act affirmatively to simplify and expedite the proceedings before him"). We will not undermine the expedience of arbitration to determine the materiality or pertinence of excluded evidence that the moving party agreed was unimportant. See *Gilmer v. Interstate/Johnson Lane Corp.*, —— U.S. ——, 111 S.Ct. 1647, 1654, 114 L.Ed.2d 26 (1991) ("Although those procedures might not be as extensive as in the federal courts, by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'") (quoting *Mitsubishi Motors, Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

## IV. CONCLUSION

Our deferential review of the arbitrator's award satisfies us that the arbitrators stayed well within their broad discretion in facilitating a fair hearing and in fashioning the award. Because the district court when vacating the award failed to adhere to the narrow and deferential standard of review, we reverse and confirm the arbitrator's award.

**REVERSED and CONFIRMED.**