HESFIBEL FIBER OPTIK & ELEKTRONIK SAN VE TIC A.S., Plaintiff,

v.

FOUR S GROUP, INC., a Florida corporation, Defendant.

No. 03–20620–CIV.

United States District Court, S.D. Florida. Miami Division.

April 26, 2004.

Kenneth L. Minerley, Esq., Bloch, Minerley & Fein, P.L., Boca Raton, FL, Counsel for Plaintiff.

Austin Carr, Esq., Law Office of Austin Carr, Coral Gables, FL, Counsel for Defendant.

## *FINAL JUDGMENT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment, filed March 8, 2004. On March 29, 2004, Defendant filed its Response/Motion to Vacate Arbitration Award. On April 9, 2004, Plaintiff filed its Reply/Response to Defendant's Motion.

## BACKGROUND

This case arose out of a shipment of fiber optic cable from Plaintiff to Defendant. Defendant claimed that the shipment was defective and refused to pay. On March 18, 2003, Plaintiff filed this action seeking payment. On October 1, 2003, the Court granted Plaintiff's Motion to Stay Proceedings and Compel Arbitration pursuant to the arbitration clause in the contract between the parties. On December 3 and 4, 2003, the parties took part in an arbitration hearing. On March 1, 2004, the Arbitrator entered a ruling in favor of Plaintiff and against Defendant. In Plaintiff's current Motion, Plaintiff asks the Court to confirm the arbitration award and enter judgment in Plaintiff's favor.

In Defendant's current Motion, Defendant argues that the arbitration award should be set aside for three reasons: (1) the Arbitrator refused to hear material evidence; (2) the arbitration award was procured by fraud; and (3) the arbitration award reflects a miscalculation. In its Reply, Plaintiff argues that the Arbitrator did not engage in misconduct when it declined to hear material evidence, that Defendant has failed to produce evidence of fraud, and that no miscalculation appears in the arbitration award.

## LEGAL STANDARD

In light of the national policy favoring arbitration, courts may only engage in limited review of arbitration awards. *Robbins v. Day*, 954 F.2d 679, 682 (11th Cir. 1992). A party seeking to vacate an arbitration award bears the burden of setting forth specific grounds for doing so. *O.R. Securities, Inc. v. Professional Planning Assocs.*, 857 F.2d 742, 748 (11th Cir.1988).

## DISCUSSION

A. *Refusal to Hear Material Evidence*

A trial court may set aside an arbitration award "where the arbitrators were guilty of misconduct...in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3).

In the instant case, Defendant alleges that the Arbitrator refused to hear

material evidence when he declined to allow Defendant's expert to testify. However, Plaintiff asserts, and Defendant does not dispute, that the parties exchanged lists of witnesses on October 15, 2003. Defendant did not include its expert on its witness list and did not inform Plaintiff of its desire to call this expert witness until December 1, 2003, just two days prior to the arbitration hearing. The Arbitrator did not permit Defendant's expert to testify because Plaintiff would not have had the opportunity to counter with an expert of its own. Therefore, the Court finds that the Arbitrator had a legitimate reason for declining to allow Defendant's expert testimony and did not engage in misconduct when he made his decision.

### B. *Fraud*

A trial court also may set aside an arbitration award "where the award was procured by corruption, fraud, or other undue means." 9 U.S.C. § 10(a)(1). The party alleging fraud must "establish the fraud by clear and convincing evidence." *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir.1988).

■ Defendant claims that Plaintiff procured its award through fraud. Specifically, Defendant alleges that Plaintiff fraudulently misrepresented the nature of one of its exhibits during the arbitration hearing. However, Defendant offers no citation to the hearing transcript in support of its allegations. Moreover, even if Plaintiff did engage in misconduct, Defendant offers no evidence that the Arbitrator relied on Plaintiff's misrepresentation in arriving at his ruling.[1] Additionally, Defendant admits that it objected to the exhibit at trial, indicating that the Arbitrator was aware of Defendant's allegations. Therefore, the Court finds that Defendant has failed to establish by any evidence—let alone by

clear and convincing evidence—that the arbitration award was procured by fraud.

### C. *Miscalculation*

A trial court may modify or correct an arbitration award "where there was an evident material miscalculation of figures." 9 U.S.C. § 11(a). However, the language of 9 U.S.C. § 11(a) does not give a District Court the authority to set aside an entire arbitration award but instead merely allows the Court to correct the miscalculation.

■ In the instant case, the Arbitrator found that two reels of cable shipped by Plaintiff to Defendant were defective. Accordingly, the Arbitrator offset its award to Plaintiff by the pro-rated cost of the two reels. Defendant contends that the Arbitrator miscalculated by failing to further offset the arbitration award for incidental damages associated with replacing the two reels. But the Arbitrator's decision not to include incidental damages reflects not a mathematical error but rather a factual decision on the part of the arbitrator. Moreover, Defendant's own Motion admits that offsets for incidental costs are "allowed"—as opposed to "required"—by the UCC. (Def.'s Mot. At 4). Therefore, the Court finds that Defendant's alleged miscalculation was not a miscalculation of figures but rather a substantive decision well within the arbitrator's discretion.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Vacate Arbitration Award be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Plaintiff's Motion to Confirm Arbitration

---

**1.** Instead, Defendant's Motion merely states that Defendant "can only assume that this material misrepresentation...was accepted by the Arbitrator as true." (Def.'s Mot. at 2).

Award and Enter Judgment be, and the same is hereby, GRANTED. Defendant is ORDERED to pay Plaintiff $604,694.63, plus pre-judgment interest from March 2, 2004 through April 23, 2004 at the per diem rate of $103.55 in the amount of $5,488.15, of which $546,280.14 shall bear post-judgment interest at 7%.