**UNITED STATES POSTAL SERVICE,**
**Plaintiff–Appellee,**

v.

**NATIONAL ASSOCIATION OF LET-TER CARRIERS, AFL–CIO,**
**Defendant–Appellant.**

**No. 87–7324.**

United States Court of Appeals,
Eleventh Circuit.

June 22, 1988.

Cohen, Weiss & Simon, Keith E. Secular, John S. Bishop, New York City, Stropp & Nakamura, Robert H. Stropp, Jr., Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Herbert J. Lewis, III, Birmingham, Ala., Kevin Rachel, U.S. Postal Service, Washington, D.C., for plaintiff-appellee.

Before RONEY, Chief Judge, TJOFLAT, Circuit Judge, and PAUL*, District Judge.

RONEY, Chief Judge:

National Association of Letter Carriers, AFL–CIO (NALC) appeals an order of a district court vacating an arbitration award which required reinstatement of an employee convicted of stealing from the mail. We affirm.

Jackie Watley, an employee of the United States Postal Service, stole the contents of two "test letters" prepared by a postal inspector. Mr. Watley was charged with two counts of violating 18 U.S.C.A. § 1709, which prohibits mail theft by a postal employee. Count I was dropped and Mr. Watley pleaded guilty to Count II. On September 4, 1985, he was sentenced to a term of three years, the first 60 days of which was to be served in prison with the remainder suspended, given five years probation, fined $2,000, ordered to reimburse the United States Postal Service $11.25 for the money stolen from the mails, and ordered to pay a special assessment of $50.00.

On April 11, 1985, Mr. Watley had been issued a notice of proposed removal, which apprised him of the charges against him,

---

* Honorable Maurice M. Paul, U.S. District Judge for the Northern District of Florida, sitting by

when the proposed removal would become effective, to whom he could respond, and other information, including his right to file a grievance under the provisions of the Collective Bargaining Agreement between the NALS and USPS. The postmaster issued a final letter of decision on April 19, 1985, discharging Watley and informing him that his conduct violated his fiduciary responsibilities and amounted to a betrayal of public trust.

Watley filed a grievance under the Collective Bargaining Agreement which provides for resolution of disputes through a multi-step grievance proceeding culminating in arbitration before a neutral arbitrator. When Watley's grievance came to arbitration in November, 1985, the arbitrator found that the first notice of proposed removal issued to Watley was defective because it did not originate from his immediate supervisor, but from someone higher in authority. The arbitrator labeled this defect a violation of due process and ordered Watley reinstated with back pay.

The postal service corrected this procedural error by issuing a second notice of proposed removal dated November 20, 1985, this one from Watley's immediate supervisor. This second notice was followed by a letter of decision from the Postmaster terminating Watley.

An appeal followed, culminating in a second hearing. In this second proceeding, the arbitrator upheld his previous ruling, finding the procedural error non-correctable, stating:

The Arbitration Hearing on November 15, 1985, addressed, in its early stages, the Union's charge that Management's Case had been flawed by its own procedural errors. The evidence was clear that Grievant's removal had not been proposed by Grievant's immediate supervisor, Roger Dempsey, but the action to remove originated with someone higher in authority than Dempsey who, under the circumstances, would not have had

designation.

the authority to settle the Grievance at step one. In order for the proceedings to meet the requirements of the National Agreement, such a proposal for disciplinary action must originate with the immediate supervisor, who would then seek concurrence of higher authority. In this Case due process was not protected and the Grievance was upheld. From this point on, the merits of the Case are given no further consideration.

This type of a case is, inevitably, frustrating to Management which doubtless has ample evidence to justify removal of Grievant if the Case could be dealt with on its merits as it was in the Federal District Court, which does not operate under the National Bargaining Agreement. Once an employee's right of due process has been breached, that Case must be settled on the grounds that those charges cannot be upheld as a basis for disciplinary action. In order for the Grievant in this case to be charged by the Postal Service he would have to have committed a new offense while on duty. The second round of proposed removal, offers some additional information on the Judicial Action taken by the Federal District Court, but the charges made on November 20, 1985 are the same charges contained in the original Notice of Proposed Removal, dated April 11, 1985.

In making the Award in this Case, I shall reiterate that both rounds of removal notices and the corresponding Grievances are being dealt with as a unit. It is the verdict of this Arbitrator that the Grievances are upheld in recognition of the fact that the procedural errors were made by Management, as it took steps to remove Grievant from the Postal Service, undermined his right of due process.

The arbitrator ordered all notices and letters of decision removed from Watley's file, reinstatement with back pay and lost benefits (exclusive of 60 days grievant spent in jail serving the criminal conviction that arose out of these events) and 10% interest on the accrued pay that Watley was eligible to receive under the terms of the arbitration award, due to the delay in its implementation.

The district court vacated this award on a motion for summary judgment on the ground that reinstatement of Watley with the postal service, after his penal detention, is contrary to public policy.

The public policy point turns on whether the case meets the Supreme Court's decision concerning the effect of public policy considerations on labor arbitration awards in *W.R. Grace and Co. v. Local Union 759*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). *See also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, —— U.S. ——, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). We see considerable merit in the district court's rationale that there is a public interest in not having postal employees who steal from the mail that brings a public policy to bear on this case. *See United States Postal Service v. American Postal Workers Union, AFL-CIO*, 736 F.2d 822 (1st Cir.1984) (arbitration award requiring Postal Service to reinstate employee convicted of embezzling a large sum of money from it held to be a violation of public policy). *Cf. Iowa Elec. Light & Pwr. Co. v. Local Union 204*, 834 F.2d 1424 (8th Cir.1987) (arbitrator's award requiring reinstatement of nuclear power plant employee who was discharged for violating federal safety regulations vacated on public policy grounds); *Stead Motors v. Automobile Machinists, Lodge 1173*, 843 F.2d 357 (9th Cir.1988) (arbitrator's award requiring reinstatement post 120-day suspension of discharged automobile mechanic vacated on public policy grounds). Nevertheless, since the state of the law on the issue seems somewhat unsettled, *cf. United States Postal Service v. American Postal Workers Union, AFL-CIO, supra*, with *United States Postal Service v. Nat'l. Assoc. of Letter Carriers, AFL-CIO*, 810 F.2d 1239 (D.C.Cir.), *petition for cert. granted*, —— U.S. —— 108 S.Ct. 500, 98 L.Ed.2d 499 (1987), *petition for cert. dismissed as improvidently granted*, —— U.S. ——, 108 S.Ct. 1589, 99 L.Ed.2d 770 (1988) (award requiring reinstatement of postal employee convicted of unlawful delay of the mails held not violative of public policy), we af-

firm the district court on a different, but more established ground. *See Securities and Exchange Comm'n. v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (decision of lower court must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason).

■ While great deference is normally accorded an arbitration award, an award is not required to be enforced which is arbitrary or capricious. *See Drummond Coal Co. v. United Mine Workers of Am.,* 748 F.2d 1495, 1497 (11th Cir.1984) (citing *Loveless v. Eastern Air Lines, Inc.,* 681 F.2d 1272, 1276 (11th Cir.1982)); *United Steelworkers of Am. v. U.S. Gypsum Co.,* 492 F.2d 713, 730 (5th Cir.), *cert. denied,* 419 U.S. 998, 95 S.Ct. 312, 42 L.Ed. 271 (1974); *Safeway Stores v. Am. Bakery & Confectionery Workers Int'l. Union, Local 111,* 390 F.2d 79, 81 (5th Cir.1968). "[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice.... When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Such is the case here.

■ The arbitrator reasoned that it must be the employee's *immediate* supervisor that initiates a proposal for disciplinary action, who would then seek concurrence of higher authority. The arbitrator concluded that where the higher authority, not the immediate supervisor, issues the notice, there is a violation of procedural due process. In this case, it is clear that both the higher authority *and* the immediate supervisor concurred in the decision that Watley should be terminated. The first notice, as well as the second notice, was sufficient to put Watley on notice of the charges against him. Neither the arbitrator nor the appellants have cited any authority that there was a violation of due process in the handling of the case.

The Collective Bargaining Agreement does not suggest that *only* the immediate supervisor can issue the disciplinary notice. It only requires that the postal official *discussing* the Step 1 grievance be the immediate supervisor. The arbitrator reasoned that if a higher level supervisor was on record favoring discipline, the immediate supervisor would not feel free to resolve the Step 1 grievance and therefore the supervisor *initiating* the discipline must also be the immediate supervisor. This argument is meritless because a higher level supervisor will always be on record as favoring discipline by the time the Step 1 meeting is held. Higher-level concurrence is required before disciplinary action can be imposed. Thus, no matter which supervisor proposed the removal, Postmaster Clark would be on record at Step 1 as concurring.

■ Even if there were a failure to strictly comply with the requirements of the contract, that would not rise to a substantive due process violation but would only be a procedural due process violation. No authority has been cited that holds in such a case that either the failure to follow the contract precisely or the due process violation could not be cured. In our judgment it is arbitrary to conclude that the standard for discharge incorporates a procedural due process prong that can never be cured under the terms of the Collective Bargaining Agreement. There is no rational base for a legal principle that the postal service can never fire an employee who steals from the mail simply because of a procedural error, where that error is corrected and the grievant suffers no prejudice as a result.

Cases have consistently held that a violation of procedural due process may be waived or cured. *See Glenn v. Newman,* 614 F.2d 467, 472 (5th Cir.1980), *criticized on other grounds, County of Monroe, Florida v. U.S. Dept. of Labor,* 690 F.2d 1359, 1363 (11th Cir.1982) (procedural due process violation resulting from lack of adequate notice in pre-termination procedures cured through subsequent post-termination public hearing); *Barnett v. Housing Auth.*

*of Atlanta,* 707 F.2d 1571, 1578 (11th Cir. 1983) (waiver).

Watley has not shown how he has been prejudiced in any way in being able to contest his removal on the merits in an arbitration hearing because of this sequence of events.

Accordingly, the district court is

AFFIRMED.