**David BROWN and Rita Brown, Plaintiffs–Appellants,**

v.

**RAUSCHER PIERCE REFSNES, INC., and William H. Brashears, Defendants–Appellees.**

No. 92–2478.

United States Court of Appeals, Eleventh Circuit.

July 2, 1993.

Stanley T. Padgett, Marie Tomassi, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, FL, for plaintiffs-appellants.

Bruce W. Collins, Carrington, Doleman, Sloman & Blumenthal, Dallas, TX, J. Kevin Carey, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, FL, for Rauscher Pierce Refsnses, Inc. & William H. Brashears.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and KEHOE *, Senior District Judge.

JOHNSON, Senior Circuit Judge:

David and Rita Brown appeal from the district court's order denying their motion to vacate an arbitration award, 796 F.Supp. 496. Because we conclude that the Browns have failed to demonstrate that the award should be vacated, we affirm the order of the district court.

## I. STATEMENT OF THE CASE

On November 4, 1984, David Brown, a resident of Florida, opened a securities brokerage account with the Dallas, Texas, office of Rauscher Pierce Refsnes, Inc. ("RPR").[1] Brown came to RPR when his long-time broker, Al Gilbertson, joined the firm. Gilbertson serviced the Brown account until his death in July 1985. Upon Gilbertson's death, Brown requested that William H. Brashears, another RPR broker, serve as his account executive. Brashears agreed, and thereafter serviced the account.

---

* Honorable James W. Kehoe, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. Sometime in 1988, Brown converted his account into a joint account, naming his wife, Rita Brown, as joint account holder.

Prior to Brashears' assumption of the account, Gilbertson and Brown had pursued an aggressive profit taking strategy by acquiring large positions, usually on margin. After becoming account executive in July 1985, Brashears continued to pursue this aggressive profit taking strategy at Brown's request. Brown and Brashears remained in constant contact, phoning one another several times daily and mailing various documents and confirmation tickets back and forth.

Eventually, this aggressive strategy resulted in substantial losses to the Brown account, which the Browns sought to recover from RPR and Brashears. Pursuant to their customer agreement, the Browns instituted an arbitration proceeding against RPR and Brashears before an arbitration panel of the New York Stock Exchange (the "Panel"). The Browns alleged several violations of Florida's securities laws, including churning, unsuitable transactions and failure to supervise. In addition, the Browns alleged that for three of the four years Brashears had served as their account executive, Brashears had not been registered with the Florida Department of Banking and Finance to sell securities. *See* Fla.Stat.Ann. § 517.12 (West Supp.1993).

During their arbitration hearing, the Browns abandoned their claims for churning, unsuitability, and failure to supervise, proceeding only on their claim that Brashears was not registered in the state of Florida to sell securities. RPR and Brashears countered that Brashears' failure to register was mere inadvertence, and that in any case the registration requirement did not apply to sellers such as Brashears. The Panel issued, without explanation, a lump-sum award in the Browns' favor for $16,000 in damages and $4,000 in forum fees.

The Browns filed a motion in the Middle District of Florida to vacate the arbitration award and enter final judgment in their favor for $721,762.91 plus costs and interest. *See* 9 U.S.C.A. § 10(a) (West Supp.1993). The Browns argued that because the Panel had ruled in their favor, the Panel was required to apply Florida's statutory damages formula. *See* Fla.Stat.Ann. § 517.211. That formula provides that a plaintiff who successful-

ly sues a seller of securities for failing to register with the Banking Department is entitled to recover all losses sustained during the period the seller was unregistered, and that those losses are not to be offset against profits. RPR opposed the motion and requested that the Panel's award be confirmed, arguing that so long as there was a possible basis for the award, the award should be allowed to stand.

Faced with a sharp dispute between the parties concerning the possible basis for the award, the district court remanded the award to the Panel for clarification. The Panel responded:

> In reaching our decision, the Panel carefully considered the intent of the Florida law requiring qualification of brokers through licensing. We concluded that while Brashears failed to become licensed in Florida upon assuming this unsolicited account, his failure to do so was by oversight, rather than any effort to take advantage of his clients. We found an equal failure on the part of [RPR] to supervise their own procedures adequately so that his intended licensing would be verified before any business was conducted with the Browns. For these administrative and procedural oversights the Panel found for the claimants in the amounts cited in our award.

After receiving the Panel's response, the district court denied the Browns' motion to vacate and granted RPR's motion to confirm the arbitration award. The Browns now appeal.

## II. STANDARD OF REVIEW

### A. *Review of Arbitration Awards Generally*

■ Our review of commercial arbitration awards is controlled by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C.A. §§ 1–16. Judicial review of arbitration awards under the FAA is very limited. *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 932 (11th Cir.1990). The FAA presumes that arbitration awards will be confirmed, 9 U.S.C.A. § 9, and enumerates only four narrow bases for vacatur, none of which are

applicable in this case.[2] In addition to these four statutory grounds for vacatur, we have recognized two additional non-statutory bases upon which an arbitration award may be vacated. First, an arbitration award may be vacated if it is arbitrary and capricious. *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1269, 122 L.Ed.2d 665 (1993); *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1413 (11th Cir. 1990); *United States Postal Serv. v. National Ass'n of Letter Carriers*, 847 F.2d 775, 778 (11th Cir.1988). Second, an arbitration award may be vacated if enforcement of the award is contrary to public policy. *Delta Air Lines, Inc. v. Airline Pilots Ass'n*, 861 F.2d 665, 671 (11th Cir.1988), *cert. denied*, 493 U.S. 871, 110 S.Ct. 201, 107 L.Ed.2d 154 (1989); *U.S. Postal Service*, 847 F.2d at 777.[3]

When considering a motion to vacate on one of these non-statutory grounds, the reviewing court begins by looking to the award itself. When no rationale is given for a lump-sum award, the reviewing court first reviews the arbitration award to determine if there is a rational basis for the award. *Robbins*, 954 F.2d at 684. "The onus is on the party requesting the vacatur to refute ... every rational basis upon which the arbitrator could have relied." *Id.* So long as there is a "proper basis" for the award, the party seeking vacatur is limited to the four narrow bases set forth in the FAA, and may not invoke the non-statutory bases as grounds for vacating the award. *Id. See Sullivan, Long & Hagerty, Inc. v. Local 559 Laborers' Int'l Union*, 980 F.2d 1424, 1427–1430 (11th

Cir.1993) (applying *Robbins* analysis to silent lump-sum award in labor arbitration). In contrast, when considering an award, such as this one, which is not silent as to its rationale, the reviewing court should not engage in this procedure. Rather, the party seeking vacatur may raise any of the statutory or non-statutory grounds in support of its motion to vacate the award. *See Ainsworth*, 960 F.2d at 940 (challenging award containing rationale as arbitrary and capricious); *U.S. Postal Service*, 847 F.2d at 777–78 (challenging award containing rationale as arbitrary and capricious and contrary to public policy).

### B. *The District Court's Consideration of the Award*

The Browns challenged the Panel's initial lump-sum award as being arbitrary and capricious and against public policy. RPR and Brashears countered, contending that the award had a rational basis and was neither arbitrary and capricious nor against public policy. Faced with this dispute, the district court remanded the award to the arbitration panel for clarification. Upon receipt of the clarified award which now contained an explanation, the district followed the procedure set forth in *Robbins*, examining the award to determine if it had a rational basis. Concluding that the award had a rational basis which the Browns were unable to refute, the district court held that the Browns were limited to the FAA's four statutory bases for vacatur, and were precluded from attacking the award as being arbitrary and capricious or against public policy. Accordingly, the

---

**2.** The FAA provides that a district court may vacate an award for the following reasons:

    (1) Where the award was procured by corruption, fraud, or undue means.

    (2) Where there was evident partiality or corruption in the arbitrators, or either of them.

    (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party may have been prejudiced.

    (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a).

**3.** In addition, some circuits have recognized a third non-statutory basis for vacating an arbitration award—manifest disregard of law. *See Jenkins v. Prudential–Bache Securities, Inc.*, 847 F.2d 631 (10th Cir.1988); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930 (2d Cir.1986); *San Martine Compania de Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796 (9th Cir.1961). This Circuit, however, has declined to adopt the manifest disregard of the law standard as a basis for vacating an arbitration award. *See Robbins v. Day*, 954 F.2d 679, 684 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992); *Raiford*, 903 F.2d at 1412.

district court denied the Browns' motion to vacate the award.

■ We review the district court's denial of a motion to vacate an arbitration award for an abuse of discretion. *Robbins,* 954 F.2d at 681; *Schmidt v. Finberg,* 942 F.2d 1571, 1573 (11th Cir.1991); *Raiford,* 903 F.2d 1410 at 1412 n. 2. Although the district court has wide latitude in exercising its discretion, that discretion is bounded by the procedural framework we have prescribed for analyzing arbitration awards. *Cf. SEC v. Elliott,* 953 F.2d 1560, 1567 (11th Cir.1992) (district court's discretion to conduct summary proceeding bounded by procedural requirement that parties be able to present evidence regarding controverted facts); *National Companies Health Ben. Plan v. St. Joseph's Hosp.,* 929 F.2d 1558, 1575 (11th Cir.1991) (district court's broad discretion to award attorney fees in ERISA case bounded by procedural requirement that court address "nuclei of concerns"); *In re McDonald,* 819 F.2d 1020, 1024 (11th Cir.1987) (district court's discretion to summarily punish criminal contempt for violation of court order bounded by procedural requirements that court's order be reasonably specific and that it be wilfully violated); *United States v. Garmany,* 762 F.2d 929, 936 (11th Cir.1985) (district court's discretion to deny motion for continuance bounded by procedural requirement that court consider several factors), *cert. denied,* 474 U.S. 1062, 106 S.Ct. 811, 88 L.Ed.2d 785 (1986).

■ The district court failed to properly apply the framework we have enunciated for the review of arbitration awards. The clarified award reviewed by the district court was not silent as to its rationale. Thus, rather than divining whether the award had a proper basis, the district court should have proceeded directly to the Browns' contentions that the Panel's award was arbitrary and capricious and contrary to public policy. The district court's failure to follow the correct procedure in analyzing the award constitutes an abuse of discretion. *Cf. Noonan South, Inc. v. County of Volusia,* 841 F.2d 380, 381 (11th Cir.1988) (district court abused its discretion when it dismissed case because of pending parallel state action without following correct procedure); *Norman v. Housing Authority,* 836 F.2d 1292, 1304–06 (11th Cir.1988) (district court abused its discretion in ruling on attorney fees application without complying with procedural requirement that its order provide meaningful review); *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1554–55 (11th Cir.) (district court abused its discretion by failing to comply with procedural requirements for authorizing opt-out of class action), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *Johnson v. Kemp,* 781 F.2d 1570, 1571–72 (11th Cir.1986) (district court abused its discretion by failing to follow correct procedures when it required pro se inmate to pay partial filing fee); *Menendez v. Perishable Distribs., Inc.,* 763 F.2d 1374, 1379 (11th Cir.1985) (district court abused its discretion by refusing to grant continuance to permit defendant to prepare response to amended complaint as required by our mandated procedures).[4]

4. The district court's application of the *Robbins* framework to this case was not its only error. The district court's initial error was to remand the case to the arbitrators for clarification. A remand for clarification is proper only when the award itself can be interpreted in a variety of ways. *Ainsworth v. Skurnick,* 909 F.2d 456, 457 (11th Cir.1990). *E.g., San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.,* 481 F.2d 821, 824 (5th Cir.1973) (remanding case where award stating that "grievant shall be made whole for any loss in earnings" could be interpreted in a variety of ways). The Panel's award was explicit—$16,000 in damages and $4,000 in forum fees. Consequently, the district court's remand was improper.

The district court also erred in its interpretation of what *Robbins* requires of district courts. When analyzing a lump sum award, *Robbins* instructs district courts to determine if the award has a "rational basis." *Robbins,* 954 F.2d at 684. The party seeking vacatur must refute every rational basis upon which the arbitrators could have relied. *Id.* If unsuccessful, the award is deemed to have a "proper basis," and the party seeking vacatur is restricted to the four statutory grounds.

Somehow confused by this straightforward procedure, the district court concluded that by "proper basis," we intended that district courts examine arbitration awards for "evidence of overt misconduct or impartiality." *Brown v. Rauscher Pierce Refsnes, Inc.,* 796 F.Supp. 496, 504 (M.D.Fla.1992). This conclusion is incorrect. As *Robbins* makes clear, an award has a "proper basis" when it has an unrefuted "rational basis." The district court's error is made plain when considered in context. Awards

When a district court has abused its discretion by failing to follow the prescribed procedural framework, our normal procedure is to remand the case for further proceedings. In this case, however, we choose not to remand the case for two reasons. First, the issues raised by the Browns—whether the award is arbitrary and capricious or violates public policy—are both legal issues, which we are well equipped to evaluate. *See Ainsworth,* 960 F.2d at 940 (considering on appeal whether award was arbitrary and capricious); *Delta Air Lines,* 861 F.2d at 671 (considering on appeal whether award violated public policy). Second, remand of this case for further proceedings would defeat one of the main purposes behind arbitration—deciding disputes expeditiously. *See Raiford,* 903 F.2d at 1413 (declining to remand case to arbitration panel because remand "would defeat the policy in favor of expeditious arbitration"). Accordingly, we will consider the Browns' challenges de novo.[5]

## III. DISCUSSION

### A. *The Award is not Arbitrary and Capricious*

The Browns first argue that the award should be vacated because it is arbitrary and capricious. Our precedent reveals that the arbitrary and capricious ground permits courts to vacate arbitration awards in two kinds of cases. First, courts may vacate an award as arbitrary and capricious when the award exhibits a wholesale departure from the law. *Ainsworth,* 960 F.2d at 941 ("An award is arbitrary and capricious only if 'a [legal] ground for the arbitrators decision cannot be inferred from the facts of the case.'") (quoting *Raiford,* 903 F.2d at 1413); *Safeway Stores v. American Bakery and Confectionery Workers, Local 111,* 390 F.2d

79, 82 (5th Cir.1968) (award may be vacated as arbitrary and capricious "if the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling"). Second, courts may vacate awards as being arbitrary and capricious when the award is not grounded in the contract which provides for the arbitration. *U.S. Postal Serv.,* 847 F.2d at 778; *Brotherhood of Railroad Trainmen v. Central of Georgia Ry. Co.,* 415 F.2d 403, 412 (5th Cir. 1969), *cert. denied,* 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970).[6]

The Browns' challenge is of the first type. They argue that the award is arbitrary and capricious because although the Panel found that Brashears had failed to register, the Panel failed to award damages as required by Florida law. For an award to be vacated as arbitrary and capricious, the Panel's award must contain more than an error of law or interpretation. *Ainsworth,* 960 F.2d at 940. Rather, there must be no ground for the Panel's decision. Contrary to the Browns' assertions, there is a basis for the Panel's decision. The Panel found that although Brashears had failed to register, he did not violate the statute because his failure to register was not willful, but rather was due to "administrative and procedural oversights." With the benefit of hindsight we now know that the Panel's interpretation of the Florida statute is incorrect, and that a negligent failure to register constitutes a violation of the statute. *See Ainsworth,* 960 F.2d at 941. Nevertheless, at the time the panel rendered its decision, *Ainsworth* had not yet been decided. As there was no definitive interpretation of the statute, the Panel's interpretation was not wholly unfounded. Thus, we cannot say that the Panel's award was arbitrary and capricious.

We reject the Browns' argument that we are bound by *Ainsworth* to vacate the Pan-

which exhibit "evidence of overt misconduct or impartiality" may be vacated on statutory grounds. *See* 9 U.S.C.A. §§ 10(a)(2) (impartiality) and 10(a)(3) (misconduct). And when statutory grounds for vacatur are present, there is no reason for a court to perform the *Robbins* analysis to determine whether it may consider nonstatutory grounds.

5. In so doing, our review will be the same as if the district court had granted the Browns' mo-

tion for vacatur. *See Robbins,* 954 F.2d at 681–82.

6. The First Circuit has commented that although the nomenclature varies from circuit to circuit, every circuit recognizes these two grounds—no basis in law or no basis in the contract—as nonstatutory grounds for vacatur. *See Advest, Inc. v. McCarthy,* 914 F.2d 6, 9 (1st Cir.1990).

el's award. In *Ainsworth*, as in this case, we reviewed an arbitration award considering Florida's statute requiring sellers of securities to register with the Banking Department. The arbitration panel in *Ainsworth* found that the defendant had not registered, but refused to award damages. On consideration of the plaintiff's motion to vacate, the district court remanded the decision to the arbitration panel, instructing them that if they found a violation of the registration law, damages were mandatory. The panel affirmed its prior finding, stating that although the seller had been negligent, the plaintiff had not suffered any damages. The district court vacated the award. On appeal, we affirmed the district court's judgment, holding that the panel's award was arbitrary and capricious. The crucial difference between *Ainsworth* and the case before us today is that the arbitration panel in *Ainsworth* had been instructed by the district court as to the correct law, yet refused to abide by it. In contrast, the Panel here received no such instruction. As the Panel was not instructed otherwise, its interpretation of Florida law was not so palpably faulty that no judge could have applied the law as it did.[7]

B. *The Award does not Violate Public Policy*

■ The public policy exception to the enforcement of arbitration awards allows courts to refuse to enforce arbitration awards where enforcement "would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43, 108 S.Ct. 364, 373, 98 L.Ed.2d 286 (1987) (quoting *W.R. Grace and Co. v. Local Union 759, Int'l Union of the United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983) (citation omitted)). The Browns argue that the

Florida statutory damages law is an "explicit public policy" under the "well-defined" and "ascertainable" requirements of *Misco*, and that the Panel's failure to give effect to that law constitutes a violation of that public policy. We find this argument meritless.

■ Typically, the public policy exception is implicated when enforcement of the award compels one of the parties to take action which directly conflicts with public policy. *Revere Copper and Brass Inc. v. Overseas Private Inv. Corp.*, 628 F.2d 81, 83 (D.C.Cir.), *cert. denied*, 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980). *See, e.g., Delta Air Lines*, 861 F.2d at 671 (enforcement of award violated public policy because it required reinstatement of pilot who had piloted aircraft while drunk); *Iowa Elec. Light and Power Co. v. Local Union 204 of the Int'l Bhd. of Elec. Workers*, 834 F.2d 1424, 1428 (8th Cir.1987) (enforcement of award violated public policy because it required reinstatement of nuclear power plant machinist who had deliberately pulled fuse on containment area door in violation of NRC rules). The public policy exception is inapplicable here because the award the Browns seek to vacate does not compel either party to take action which conflicts with public policy.

At its core, the Browns' public policy argument is no more than a complaint that the Panel failed to interpret the law correctly. We may not set aside an arbitration award because the arbitration panel erred in its interpretation of the law. *Burchell v. Marsh*, 58 U.S. (17 Howard) 344, 349, 15 L.Ed. 96 (1854); *Ainsworth*, 960 F.2d at 940; *O.R. Securities, Inc.*, 857 F.2d at 746. Accordingly, we decline to vacate the Panel's award on public policy grounds. *See Seymour v. Blue Cross/Blue Shield*, 988 F.2d 1020, 1024 (10th Cir.1993) (declining to vacate award on public policy grounds because of arbitrator's error in interpreting law); *Board of County*

---

**7.** The difference between this case and *Ainsworth* is highlighted when the cases are examined under the "manifest disregard of the law" standard. To vacate an award on the ground that the Panel manifestly disregarded the law, "there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and

expressly disregarded it." *O.R. Securities v. Professional Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir.1988). That showing is clearly met in *Ainsworth*—the district court instructed the panel in the law, yet the arbitrators refused to follow the district court's instruction. In contrast, no such showing is evident in this case.

*Comm'rs v. L. Robert Kimball & Assocs.*, 860 F.2d 683, 688 (6th Cir.1988) (same), *cert. denied*, 494 U.S. 1030, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990).

### IV.  CONCLUSION

For the foregoing reasons, the district court's judgment confirming the award rendered by the Panel is AFFIRMED.