**Diane A. BORDEN, Movant,**

**v.**

**Robert A. HAMMERS, Respondent.**

**No. 96–497–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 27, 1996.

Michael K. Wolensky, Kutak Rock, Atlanta, GA, for plaintiff.

Kalju Nekvasil, Goodman & Nekvasil, P.A., Safety Harbor, FL, for defendant.

### ORDER ON MOTION TO VACATE ARBITRATION AWARD

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and responses:

1. Motion by Diane A. Borden (hereinafter "Borden") to Vacate Arbitration Award (Docket No. 1) and Memorandum in Support of Motion to Vacate Arbitration Award (Dkt. 2);

2. Respondent Robert A. Hammers (hereinafter "Hammers") Memorandum of Law in Opposition to the Motion to Vacate Arbitration Award (Dkt. 27);

3. Respondent Hammers Motion to Confirm Arbitration Award and Incorporated Memorandum of Law (Dkt. 25);

4. Movant Borden's Response in Opposition to Respondent's Motion to Confirm Arbitration Award and Incorporated Memorandum of Law (Dkt. 28);

5. Movant Borden's Request for Oral Argument Upon Her Motion to Vacate Arbitration Award (Dkt. 7).

### FACTUAL BACKGROUND

On June 28, 1991, Hammers entered into an agreement with J. Gregory & Co., Inc. (hereinafter "J. Gregory") to operate a J.

Gregory branch office. Under the agreement, Hammers would act as branch manager, and share in the revenues generated by the office. On June 3, 1992 Hammers filed a pro se Statement of Claim with the National Association of Securities Dealers, Inc. (hereinafter "NASD"). Subsequently, Hammers amended his Statement of Claim to include Borden as one of the named Defendants. Hammer's Statement of Claim alleged numerous causes of action, including breach of contract, common law fraud, unjustified interference with an advantageous relationship, conspiracy, defamation, civil theft, intentional infliction of severe emotional distress, and violation of Florida's franchise laws.

On June 29, 1993, Borden, through her attorney at the time, Jeffrey S. Rosen, received notice of the date, time and place of the initial hearing. On September 8 and 9, 1993, the arbitrators conducted the initial hearing, at which they heard many issues, including Borden's motion to dismiss. At the initial hearing, Mr. Rosen agreed to tentative dates for the final hearing. The final hearing was delayed due to the death of one of the named Defendants, James Mongo. On November 19, 1993, Barton S. Sacher informed the parties that he was now going to represent Borden. On September 27, 1994, Mr. Rosen informed the parties that he was no longer Borden's attorney of record (Dkt. 27, Exhibit M). In or around November of 1994, Borden became associated with H.D. Brous & Co., Inc., as a registered representative in New York.

On April 26, 1995, NASD mailed a written request to all the parties to reschedule the final arbitration hearing. Hammers sent a copy of this letter to Borden (Dkt. 27, Exhibit O). On May 23, 1995, the letter was returned with Borden's new address listed (Dkt. 27, Exhibit Q). Hammers sent the letter to the new address, 100 Cuttermill Road # 40, Great Neck, N.Y. 11021. On June 12 1995, NASD mailed the date, time and place of the rescheduled hearing to Borden at the Cuttermill address.

Pursuant to the terms of the arbitration agreement, Hammers served his list of witnesses directly upon Borden. On November 3, 1995, Borden received the subpoena for the November 7, 1995, final hearing via certified mail (Dkt. 27, Exhibit W).

Borden was not present at the final arbitration hearing which was conducted on November 7, 1995. The Panel found that jurisdiction existed pursuant to Section 12(a) of the National Association of Securities Dealers Arbitration Procedure Code, (hereinafter, "Code"), over all Defendants. Furthermore, pursuant to Section 29 of the Code, and based upon evidence in Arbitrators' Exhibit No. 1, the Panel proceeded with the hearing despite Borden's absence. On December 13, 1995, the arbitrators awarded Hammers $1,125,000 in actual damages; $3,375,000 in punitive damages; $100,000 in sanctions; and attorneys fees—"the amount of which is to be determined by a court of appropriate jurisdiction." (Dkt. 25, Exhibit A). On March 11, 1995, Borden moved to vacate the award (Dkt. 27).

## STANDARD OF REVIEW

Borden bases her motion to vacate arbitration award on the statutory scheme of the Federal Arbitration Act, 9 U.S.C. section 10. Section 10 sets out the exclusive statutory grounds for vacating an arbitration award. Section 10 allows the award to be vacated:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In addition to the four statutory grounds delineated above, the Eleventh Circuit Court of Appeals has recognized two additional non-statutory bases upon which an arbitration award may be vacated. *Brown v.*

*Rauscher Pierce Refsnes, Inc.,* 994 F.2d 775, 779 (11th Cir.1993). "First, an arbitration award may be vacated if it is arbitrary and capricious." *Id.* at 779. "Second, an arbitration award may be vacated if enforcement of the award is contrary to public policy." *Id.* at 779.

■ The authority conferred upon district courts to grant a motion to vacate arbitration award is exceedingly limited. Great deference is provided to these types of awards. See *O.R. Securities, Inc. v. Professional Planning Assoc.,* 857 F.2d 742, 746 (11th Cir.1988) (citing *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)).

Furthermore, Title 9, United States Code Section 9 provides, in pertinent part, that any time within one (1) year after an award is made, any party to the arbitration may apply to the appropriate court for an order confirming the award. The court must grant such an order unless the award is vacated, modified, or corrected as set forth in sections 10 or 11 of Title 9.

## DISCUSSION

Borden makes four arguments for vacatur in this case: (1) that Borden did not receive timely notice of the arbitration hearing; (2) that there is no legal basis or credible evidence to support the arbitration award; (3) that the arbitration panel was illegally empaneled and lacked jurisdiction over the matter and the parties; and (4) that the award of punitive damages violated Borden's due process rights. The Court will address each of Borden's arguments in turn.

### I. Notice

Borden's allegation of untimely notification centers upon the contention that the Code mandates that notice of the final hearing be given at least eight days in advance of the hearing. Section 26 in part states:

> The time and place of the initial hearing shall be determined by the Director of Arbitration and each hearing thereafter by the arbitrators. Notice of the time and place for the initial hearing shall be given at least eight (8) days prior to the date fixed for the hearing by personal service, registered, or certified mail to each of the parties unless the parties shall, by their mutual consent, waive the notice provision under this section. Notice for each hearing thereafter shall be given as the arbitrators may determine. Attendance at a hearing waives notice thereof.

By the clear language of section 26, the eight day notice requirement is only triggered by the initial hearing. Therefore, notice of any subsequent hearings, including the final hearing, shall be made by the arbitrators as they determine.

■ In the case at hand, Borden received notice of the initial hearing on June 29, 1993 (Dkt. 27, Exhibit D). The initial hearing was conducted on September 8·and 9 of 1993, thereby satisfying the eight day notice requirement as set out in the terms of the arbitration agreement. The initial hearing was attended by Borden, through her attorney, as evidenced by his presentation of Borden's motion to dismiss. However, even if Borden had received no notice of the initial hearing, her attendance, through counsel, waives notice of the hearing.

Borden urges this court to apply the eight day notice requirement for initial hearings to the final hearing. Section 29 of the NASD Arbitration Procedure Code provides the following:

> If any of the parties, after due notice, fails to appear at a hearing or at any continuation of a hearing session, the arbitrators may, in their discretion, proceed with the arbitration of the controversy. In such cases, all awards shall be rendered as if each party had entered an appearance in the matter submitted.

■ Section 29 clearly confers upon the arbitrators the authority to continue with the hearing if they determine that due notice has been provided to the absent party. In view of the Court's limited power of judicial review, and the public policy favoring arbitrations, this Court will not substitute its judgment regarding due notice for that of the arbitrators when no sufficient evidence to contrary has been provided. If such a substitution is made, then any party to a contracted arbitration could conveniently forget

**1174**

to inform the proper authorities of a change of address, and fail to appear at the final hearing to circumvent the terms of the arbitration. This Court cannot ignore the fact that Borden never informed NASD of her new address.

## II. Arbitrary and Capricious Award

Borden argues that the award should be vacated because it is "capricious and arbitrary" because it is a "wholesale departure from the law," thereby attempting to invoke a non-statutory basis for vacatur.

■ As stated earlier, an arbitration award may be vacated if it is arbitrary and capricious, or if enforcement of the award would be contrary to public policy. *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775 (11th Cir.1993). However, "the onus is on the party requesting the vacatur to refute .. every rational basis upon which the arbitrator could have relied." *Robbins v. Day*, 954 F.2d 679, 684 (11th Cir.1992).

■ Awards should be vacated as arbitrary and capricious if the award exhibits a wholesale departure from the law. *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir.1992). Borden has not met this requirement. An award is arbitrary and capricious only if a legal ground for the arbitrators' decision cannot be inferred from the facts of the case. *Raiford v. Merrill Lynch, Pierce, et al.*, 903 F.2d 1410, 1413 (11th Cir.1990). Moreover, an award may be vacated as arbitrary and capricious if the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling. *Safeway Stores v. American Bakery and Confectionery Workers, Local 111*, 390 F.2d 79, 82 (5th Cir.1968). No such grounds exist here.

■ Essentially, for this Court to vacate an arbitrator's decision, the Court must find that there is no basis for the Panel's decision. This Court finds that the Panel's award was not arbitrary and capricious. The decision was not so palpably faulty that no judge could have arrived at the same ruling. Furthermore, an arbitrator need not state the reasons for its award. *Robbins v. Day*, 954 F.2d at 684.

In support of her argument that the Panel's award was arbitrary and capricious, Borden offers six blanket statements. Borden's allegations in light of the record do not allow this Court to vacate the Panel's award.

## III. Arbitration Panel Illegally Empaneled

The thrust of Borden's third argument is that the Panel consisted of a majority of arbitrators from the securities industry in violation of Code section 9(a) and 19(b). The Court is not persuaded by this argument since at no time prior to the empaneling of the arbitrators did Borden raise this issue. In fact, in a letter addressed to Mr. Rosen, dated June 29 1993, NASD informed Borden that "[i]f any party, counsel or representative believes that an arbitrator should be disqualified for any cause. please contact me immediately." (Dkt. 27, Exhibit C).

■ Despite numerous opportunities, Borden failed to make her concerns known to anyone, much less everyone. Borden should not now be allowed to do what she was granted an opportunity to do prior to the hearing. Borden is unable to cite anywhere in the record where she objected to the members of the Panel. As one court has pronounced, "these actions appear to constitute the ultimate attempt at a second bite. If this challenge were sustained, nothing would stop future parties to arbitration from obtaining allegedly disqualifying information, going through with the proceedings, and then coming forward with the information only if disappointed." *Remmey v. PaineWebber*, 32 F.3d 143, 148 (4th Cir.1994). This Court agrees.

Furthermore, Title 9 U.S.C. § 10(a)(2) requires a showing of evident partiality in the arbitrators. Borden has completely failed to demonstrate any evident partiality in the individual arbitrators that sat on the case.

## IV. Punitive Damages

Borden argues that the award of punitive damages by the Panel violates her due process rights, because arbitration lacks the procedural protection and meaningful judicial review required for the imposition of punitive damages. "It is axiomatic that ... only state

action is subject to scrutiny under the Due Process Clause." *Davis v. Prudential Securities, Inc.,* 59 F.3d 1186, 1190–1191 (11th Cir.1995). Borden recognizes that *Davis* precludes a finding of state action in private arbitration cases; however, Borden rejects the reasoning in *Davis* as flawed without showing the existence of any state action.

Finally, Borden requests oral argument on her motion to vacate arbitration award. Because of this Court's decision to deny the motion to vacate, the need for oral argument on this motion is unnecessary. Accordingly, it is

**ORDERED** that the Motion to Vacate Arbitration Award (Dkt. 1) is **denied;** the Motion to Confirm Arbitration Award (Dkt. 28) is **granted;** and the request for oral argument (Dkt. 7) is **denied.**