United States Court of Appeals,

Eleventh Circuit.

No. 96-8522.

MARSHALL & CO., INC., et al., Plaintiffs-Appellees,

v.

Paul A. DUKE, individually, and as Trustee for Terri L. Strickland, et al., Defendants-Appellants.

June 10, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CV-3494-JEC), Julie E. Carnes, Judge.

Before BIRCH, Circuit Judge, RONEY, Senior Circuit Judge, and HANCOCK[*], Senior District Judge.

PER CURIAM:

This is an appeal from a district court judgment confirming an arbitration award entered under the National Association of Securities Dealers arbitration procedures. The arbitration panel denied all the claims of the appellants' securities customers against the appellees securities firms and individual brokers ("the brokers"), for alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), the federal RICO statute, 18 U.S.C. § 1964, and their fiduciary duty under the Georgia law. The panel then awarded the brokers substantial attorney's fees and costs. The case came before the federal district court on the brokers' Petition to Confirm Arbitration Award and the securities customers' Motion to Vacate Arbitration Award.

The appellant securities customers asserted three grounds for vacating the award: (1) the arbitrators were guilty of misconduct within the meaning of 9 U.S.C. § 10(a)(3) by refusing to postpone a hearing and to hear certain evidence; (2) the arbitrators exceeded their powers within the meaning of 9 U.S.C. § 10(a)(4) in awarding attorney's fees in favor of the brokers; and (3) the arbitrators' award was arbitrary and capricious. In a comprehensive opinion, the district court denied the motion to vacate and confirmed the arbitration award. *Marshall & Co. v. Duke,* 941 F.Supp.

[*]Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1207 (N.D.Ga.1995). On appeal, the securities customers raised many of the same issues raised before the district court. We affirm without revisiting all of these issues, as they were satisfactorily discussed in the district court's opinion. We do make these comments in view of the briefs and oral arguments made to this Court.

(1) As to the arguments concerning the failure to postpone a hearing and accept certain evidence, a careful review of the briefs and the district court decision reveals that this issue is due to be affirmed without opinion under this Circuit's Rule 36.1. That is the only issue raised as to the merits of the arbitrators' decision on liability.

(2) As to whether the issue of attorney's fees was arbitrable, we review the district court's decision under the standard for reviewing any judgment of a district court, "*i.e.* accepting findings of fact that are not "clearly erroneous' but deciding questions of law *de novo.*". *First Options of Chicago v. Kaplan,* 514 U.S. 938, ----, 115 S.Ct. 1920, 1926, 131 L.Ed.2d 985, 996 (1995) (courts of appeals should apply ordinary, not special, standards when reviewing district court decisions upholding arbitration awards).

The district court properly held it was within the power of the arbitrators to award attorney's fees in this case to the brokerage firm. In its Final Award, the panel based its decision on three different sources of power.

> First[,] the parties agreed to submit the issue of attorneys fees and expenses to the Panel so that an enforceable "bi-lateral agreement" exists. *See Matter of U.S. Offshore, Inc. (Seabulk Offshore, Ltd.),* 753 F.Supp. 86 (S.D.N.Y.1990). Second, the NASD rules and the Uniform Submission Agreement executed by Claimants provide for submission of all disputes by the parties to arbitration. Third, every judicial and quasi-judicial body has the right to award attorneys' fees under the common law bad faith exception to the "American Rule." *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Dean Witter Reynolds, Inc. v. Bork,* 1991 WL 1644651, 991 U.S. Dist. LEXIS 11907 (E.D.Pa.1991). *See also* O.C.G.A. section 9-15-14.

Final Award at p. 8.

The decision as to these three sources of power, that is, whether the attorney's fee issue is arbitrable, was due to be reviewed independently by the district court, without the usual deference given to the award of an arbitrator. *First Options of Chicago v. Kaplan,* 514 U.S. at ----, 115 S.Ct. at 1925, 131 L.Ed.2d at 995. Although it was argued to us that the district court applied the wrong

standard of review on these issues, it appears that the decision was properly made without any presumption of correctness being accorded the arbitrators' decision. The district court held that the panel could award attorney's fees under all three sources of authority.

Only one source of authority is necessary to affirm that decision. Since it appears clear that both parties sought an award of their fees without a jurisdictional objection from the other, the issue of who should get fees and how much was effectively submitted by agreement of the parties. In any event, the arbitrators have the power to award attorney's fees pursuant to the "bad faith" exception to the American Rule that each party bears its own attorney's fees.

 (3) As to the propriety of the award, the district court may vacate an award of attorneys's fees and the amount thereof issued by an arbitration panel under proper authority only if the award is arbitrary and capricious. *Brown v. Rauscher Pierce Refsnes, Inc.,* 994 F.2d 775, 779 (11th Cir.1993). The record, reviewed under this standard, reveals that the district court correctly decided this question in favor of the award. This case was extensively litigated over a period of five years. The arbitration record fills 97 volumes. After the arbitration panel issued an interim order denying all of the securities customers' claims on the merits, it called for a separate round of briefing on the fee issue alone. We have read those briefs. The arbitration panel did not explicitly say that the fee award was based on bad faith and submitted no findings in that regard. It is clear, however, that the decision was based on the claim of the broker appellees that they were entitled to fees based on the conduct of the claimant parties. A recitation of the facts asserted in the appellees' brief that would support such an award would serve no useful purpose here. They are not reviewed under the "clearly erroneous" standard by the district court, but only to determine if the fee award was arbitrary and capricious. The district court did not clearly err in finding that the award was not arbitrary and capricious, and it applied the proper law in connection with its review.

It was argued that *First Options of Chicago* completely overruled everything that our Court held in *Robbins v. Day,* 954 F.2d 679 (11th Cir.), *cert. denied sub nom. Robbins v. PaineWebber, Inc.,* 506 U.S. 870, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992). Even a superficial reading of *First Options* reveals the fallacy of this argument. That case decided but two things: *first,* when the issue

is whether the parties have agreed to arbitrate a dispute, the district court reviews the arbitrators' decision on *that* issue for clear error as to factual findings and *de novo* as to questions of law. Otherwise, the more deferential standard of review generally accorded arbitrators' decisions on the merits applies, and *second,* a court of appeals reviews a district court's decision confirming an arbitration award as it would any other judgment of the district court, without according it the deference that the district court accords the arbitration merits decision.  Although the district court cited *Robbins v. Day* frequently, it noted that the case had been overruled only on certain grounds, and did not rely on it for an incorrect standard of reviewing the arbitrability of the issues.  Likewise, we have followed *First Options* on our review of the district court decision, and have noted that the district court followed only those holdings in *Robbins v. Day* left intact after the Supreme Court decision in *First Options.*

AFFIRMED.