United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 06-20302
Summary Calendar

---

ONEBEACON AMERICA INSURANCE COMPANY;
INTERNATIONAL MARINE UNDERWRITERS,

Plaintiffs-Appellants,

VERSUS

THOMAS J. TURNER,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
m 4:05-CV-4343

---

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

OneBeacon America Insurance Company and International Marine Underwriters (collectively "OneBeacon") appeal a judgment that in part denied its effort to vacate an arbitration award in favor of Thomas Turner. OneBeacon challenges the finding that the arbitrators' award of attorney's fees in a maritime dispute was not in manifest disregard of maritime law; it argues that the award should be vacated as violative of public policy. Because OneBea-

con has not presented sufficient evidence to demonstrate that the arbitrator was aware of a clearly governing legal principle, and has identified no compelling public policy to justify vacation, we affirm.

I.

This dispute arises from an insurance contract between the parties covering a yacht that the parties agree had an insured value of $95,000. The vessel went missing and was discovered with damage from flood and vandalism.

An initial insurance estimate determined that the damage was between $55,000 and $65,000. OneBeacon, believing that Turner was partially responsible, made an initial offer of $9,000. Turner rejected it and invoked the insurance contract's arbitration clause. That clause provided that, if the parties could not agree on a single arbitrator, each party could select an arbitrator, and those two would appoint a third. The contract also stated that each party was responsible for its arbitrator's fees and half the third arbitrator's fees and costs.

The parties chose to arbitrate in front of a three-member panel, subject to the rules of the American Arbitration Association. Both parties waived their right to record the proceedings, and the arbitrators issued an award. The panel found that the yacht was a "total loss," that Turner had complied with his required duties under the plan, and that OneBeacon had breached the policy by failing to pay Turner the full value of the yacht. The panel made a monetary award to Turner for the yacht, for personal property damage, for administrative fees and expenses relating to the arbitration, and for attorney's fees.

OneBeacon moved to vacate the award, arguing that the arbitrators had acted in manifest disregard of the law in awarding attorney's fees and had exceeded their powers in awarding administrative fees and expenses. OneBeacon also challenged the factual findings relating to personal effects and total loss of the yacht.

The district court vacated the portion of the award allocated to administrative fees and expenses, finding that the arbitrators had acted "in a manner inconsistent with the arbitration provision." *OneBeacon Am. Ins. Co. v. Turner*, 2006 WL 547959, at *3 (S.D. Tex. 2006). As to attorney's fees, however, the court denied the motion to vacate, noting there was "no evidence in this case that the arbitral panel was aware of the Fifth Circuit law regarding attorney's fees in cases governed by maritime law and intentionally disregarded it." *Id.* at *2. The court also dismissed OneBeacon's challenges to the factual findings. OneBeacon appeals solely on the issue of the attorney's fees.

II.

OneBeacon presents two principal grounds for reversal. First, it argues that the award was in manifest disregard of the law. Second, it contends the award should be vacated as contrary to public policy.

A.

We recognized "manifest disregard for the law" as a ground for vacating an arbitrator's decision in *Williams v. Cigna Fin. Advisors Corp.*, 197 F.3d 752, 759 (5th Cir. 1999) (stating that "parties [are] bound by [an] arbitrator's decision not in 'manifest disregard' of the law") (citing *First Options, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Later cases have clarified this standard, noting that "it clearly

2

means more than error or misunderstanding with respect to the law." *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003).

There are two steps in the "manifest disregard" analysis. First, "the error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 355 (5th Cir. 2004). Furthermore, "the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it." *Id.* The governing law must be "well-defined, explicit, and clearly applicable." *Prestige Ford*, 324 F.3d at 395. For the second step, "before an arbitrator's award can be vacated, the court must find that the award resulted in a significant injustice." *Kergosien*, 390 F.3d at 355.

OneBeacon argues, correctly, that this court has held that "[m]aritime disputes generally are governed by the American Rule, pursuant to which each party bears its own costs." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003). This general rule, "coupled with the need for uniformity in federal maritime law," precludes the application even of mandatory state attorney's fee statutes. *Id.* at 406. Absent a federal statute or an enforceable contract, "litigants must pay their own attorney's fees." *Id.* at 405-06.

As a matter of law, then, Turner is not entitled to attorney's fees. The failure of an arbitrator to apply the law correctly "is not a basis for setting aside an arbitrator's award." *Kergosien*, 390 F.3d at 356. For us to find the "manifest disregard" of the law required for vacatur of an arbitral award, OneBeacon must show that the arbitrator was aware of the governing principle and did not follow it. Having failed to secure a record of the arbitration proceedings, and without any evidence that the arbitral panel was aware of the Fifth Circuit standard, OneBeacon cannot make this showing, so its claim that the award was in "manifest disregard" of the law fails at the first step of the *Kergosien* analysis.

B.

OneBeacon maintains that the award should be vacated as contrary to public policy. A court may refuse to enforce an award that is contrary to "explicit, well-defined, and dominant" public policy. *Prestige Ford*, 324 F.2d at 396 (5th Cir. 2003) (citations omitted).

OneBeacon's asserted public policy, howeverSSthe need for uniformity of maritime lawSS is nothing more than a restatement of its earlier claim that the award should be vacated because the arbitrator misapplied the law. "Typically, the public policy exception is implicated when enforcement of the award compels one of the parties to take action which directly conflicts with public policy." *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 782 (11th Cir. 1993). Where a public policy argument amounts to "no more than a complaint that the Panel failed to interpret the law correctly," courts will not set aside the award. *Id.*

There is no error. The judgment is AFFIRMED.

3