**DVC–JPW INVESTORS, Appellee,**

v.

**Norman H. GERSHMAN, Appellant.**

**No. 92–2688.** · ·

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1993.

Decided Oct. 1, 1993.

Rehearing Denied Nov. 4, 1993.

John R. Dorgan, Minneapolis, MN, for appellant.

Randy G. Gullickson, Minneapolis, MN (Kurtis A. Greenley, on brief), for appellee.

Before BEAM, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

Gershman appeals from the district court's[1] confirmation of a $65,464.00 arbitration award in favor of DVC–JPW Investors ("DVC–JPW"). We affirm.

## I. BACKGROUND

The dispute in this case resulted from an unauthorized sale of stock belonging to DVC–JPW. In May 1989, DVC–JPW initiated arbitration proceedings against Bear, Sterns & Co., Inc., ("Bear Sterns") the clearing broker with whom DVC–JPW maintained a margin account. The National Association of Securities Dealers ("NASD") scheduled an arbitration hearing for August 16, 1990. Bear Sterns named Gershman as a witness. After receiving a copy of Gershman's affidavit, in which he stated that he had ordered the sale of the stock, DVC–JPW moved to amend its claim to add Gershman as a defendant. Bear Sterns opposed the motion and argued that in an unrelated lawsuit, Jeffrey Wendel, a partner of DVC–JPW, executed a settlement agreement which released Gershman from liability for any claims arising from the unauthorized sale of stock. DVC–JPW filed a response contending that the partnership had not been a party to the settlement agreement, and that the settlement agreement released only Wendel's individual claims against Gershman. After a hearing, the arbitration panel granted DVC–JPW's motion to add Gershman as a party.

Gershman moved to dismiss the claims against him, contending again that the settlement agreement released him from all liability in the matter. The NASD director of arbitration denied Gershman's motion, and the arbitration hearing was rescheduled for July 19, 1991. Gershman notified the NASD that he had a conflict with this hearing date. The NASD undertook to reschedule the hearing and solicited mutually acceptable dates from the parties. The NASD warned the parties that the date selected for the hearing would be final. Based on the dates submitted by the parties, the NASD rescheduled the arbitration hearing for October 22, 23, and 24, 1991, dates initially proposed by Gershman.

Gershman subsequently developed a conflict with the new hearing dates. He informed the NASD that he would be unavailable on the scheduled hearing dates, and requested that the hearing again be rescheduled. The NASD denied his request and the arbitration hearing was held as scheduled. Neither Gershman nor his attorney attended. The arbitration panel found Gershman liable to DVC–JPW for actual damages of $50,004.00 plus interest in the amount of $15,460.00, and dismissed the other parties. The district court confirmed the arbitration award. Gershman appeals.

## II. DISCUSSION

Gershman presents two arguments for reversal. First, he contends that the settlement agreement is a jurisdictional bar to NASD arbitration and that the district court therefore erred in denying his motion to

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

vacate the arbitration award. Second, Gershman argues that the arbitrators were guilty of misconduct when they denied his motion to postpone the October arbitration hearing.

### A. Standard of Review

■ We review the district court's denial of Gershman's motion to vacate the arbitration award for abuse of discretion. In doing so, we must be cognizant of the strong federal policy favoring arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* Under this Act, federal courts play a limited role in reviewing the decisions of arbitrators and a district court may only vacate arbitration decisions under the narrow set of circumstances set forth in the statute. *Barbier v. Shearson Lehman Hutton, Inc.,* 948 F.2d 117, 120 (2d Cir.1991); *Stroh Container Co. v. Delphi Indus. Inc.,* 783 F.2d 743, 748–49 (8th Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). Section 10(a) of the Act enumerates the four grounds for which a federal court may reverse or vacate an arbitration award: (1) fraud or corruption in procuring the award; (2) evident partiality or corruption on the part of the arbitrators; (3) arbitrator misconduct in refusing to postpone the hearing, or in refusing to hear relevant evidence; or (4) an award which exceeds the powers of the arbitrator. 9 U.S.C. § 10(a)(1)–(4) (Supp.1993). Keeping these narrow grounds for reversal in mind, we turn to Gershman's assignments of error.

### B. Jurisdictional Bar

■ When an agreement to arbitrate exists and the dispute falls within the scope of the agreement, as in this case, the court must defer to the arbitrators' decision. *See John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (the district court's role is limited to the determination of whether the parties are obligated to submit the subject matter of a dispute to arbitration). Gershman argues that the settlement agreement barred arbi-

tration of DVC–JPW's claims and that the arbitrators exceeded the scope of their authority by deciding the merits of this case. *See* 9 U.S.C. § 10(a)(4). However, the settlement agreement does not alter the fact that DVC–JPW's claims are within the scope of the NASD arbitration provision. Indeed, Gershman does not dispute that the NASD arbitration agreement covers the subject matter of this controversy. The evaluation of the weight, if any, to be accorded to the settlement agreement is a determination committed to the arbitrators' discretion under the NASD arbitration agreement and under the Federal Arbitration Act.[2] Therefore, the district court did not abuse its discretion when it rejected Gershman's section 10(a)(4) argument.

### C. Failure to Reschedule the Hearing

■ Gershman also contends that the arbitration panel was guilty of misconduct because it refused to grant him a second postponement of the arbitration hearing. *See* 9 U.S.C. § 10(a)(3). If any reasonable basis exists for the arbitrators' decision not to postpone a hearing, we will not intervene. *See Schmidt v. Finberg,* 942 F.2d 1571, 1574–75 (11th Cir.1991). The record reveals an ample basis for the arbitrators' refusal to grant Gershman a second postponement. Therefore, the district court did not abuse its discretion when it concluded that the arbitrators' refusal to postpone the hearing was not misconduct.

We have carefully considered Gershman's other arguments and find them to be meritless.

### III. CONCLUSION

For the reasons stated above, the decision of the district court confirming the arbitration award is affirmed.

---

**2.** We also note that the settlement agreement clearly indicated that Wendel's participation was in his individual capacity. Therefore, we cannot conclude that the arbitrators exceeded their authority when they determined that the settlement agreement did not bar arbitration of this dispute.