**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE W. FOGLEMAN,
Plaintiff-Appellee,

v.                                                                              No. 98-1782

CHRISTOPHER BROOKS TESTERMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-42-5-BO)

Submitted: October 27, 1998

Decided: November 17, 1998

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Anthony Penry, Matthew W. Sawchak, SMITH, HELMS, MUL-
LISS & MOORE, L.L.P., Raleigh, North Carolina, for Appellant.
John F. Bloss, CLARK & WHARTON, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Brooks Testerman appeals from the district court's denial of his petition to vacate the National Association of Securities Dealers, Inc. (NASD) arbitrator's award entered against him, and the district court's grant of Appellee George W. Fogleman's petition to confirm the NASD arbitration award. Finding no error, we affirm.

In July 1995, Fogleman filed a Statement of Claim with the NASD alleging that Testerman, a stockbroker, committed fraud and breached fiduciary duties owed to Fogleman by knowingly and intentionally selling Fogleman virtually worthless securities at inflated prices. The parties agreed to submit the dispute to arbitration. At an initial proceeding in July 1997, scheduled to last two days, Fogleman presented evidence substantiating the claims. However, the session concluded before Fogleman was able to fully present his case, necessitating a second session. After reviewing the parties' submissions regarding availability, the panel ordered the parties to select either November 5-7 or 12-14, 1997, as the dates for the second hearing. Fogleman's counsel, John F. Bloss, informed the panel that he was available for either set of dates. Testerman's counsel, Michael Q. Carey, asserted that neither he nor any member of his firm would be available for the first set of dates due to another arbitration, and that the second set of dates was also unworkable because Carey himself was scheduled for jury duty beginning the week of November 10. The record, however, indicates that Carey could have postponed his scheduled jury duty. Carey asserted that he would be unable to appear for arbitration until May 1998. On October 7, 1997, the panel set November 12-14 as the hearing date.

Testerman appeared at the hearing without counsel, informed the panel that Carey could not appear, and requested a postponement. After consideration, the panel refused to grant a postponement, stating that it had been reasonable in trying to set a time, and that postponing the second hearing until May 1998 was unreasonable because it imposed too long a delay on the case. The panel also cited and noted for the record the numerous items of correspondence between counsel and the NASD attempting to resolve the scheduling conflict. The

panel informed Testerman that he could participate in the hearing without counsel, and that it was not prejudiced toward him due to his counsel's actions. The panel stated that it would consider Testerman pro se and would "lean over backwards" to ensure that Testerman understood the proceedings. Testerman elected to leave the hearing upon the advice he previously received from counsel. The hearing went forth in Testerman's absence.

The panel entered a unanimous decision on December 16, 1997, finding that Testerman had engaged in fraud and breached his fiduciary duty to Fogleman, and awarding Fogleman $90,239, plus post-hearing interest. Fogleman filed a petition in the district court to confirm the arbitration award. Testerman filed a cross-petition to vacate the award on the ground that the panel engaged in misconduct under 9 U.S.C. § 10(a)(3) (1994) by reconvening the proceedings on November 12, 1997. The district court confirmed the arbitration award and denied Testerman's petition to vacate the award. Testerman appealed.

We review the district court's decision to confirm the arbitrator's award de novo. See Zandford v. Prudential-Bache Sec., Inc., 112 F.3d 723, 726 (4th Cir. 1997). Vacatur is appropriate only in a strictly limited number of instances, including when the "arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." 9 U.S.C. § 10(a)(3). Arbitration is favored because it promotes the expeditious resolution of disputes, and thus a federal court's review of an arbitration decision is limited to determining "whether the arbitrators did the job they were told to do--not whether they did it well, or correctly, or reasonably." Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994) (internal quotations omitted); see Scott v. Prudential Sec. Inc., 141 F.3d 1007, 1016 (11th Cir. 1998); DVC-JPW Invs. v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993). If there is any reasonable basis for the arbitrator's decision not to postpone a hearing, including a desire to expedite the proceedings even in the face of counsel's competing scheduling obligations, the court should not intervene. See Scott, 141 F.3d at 1016; DVC-JPW, 5 F.3d at 1174; Schmidt v. Finberg, 942 F.2d 1571, 1573-74 (11th Cir. 1991).

Here, the arbitrators gave the parties two sets of dates to choose from in scheduling the second hearing. The panel determined that the

3

paramount interest was in providing the plaintiff with a quick and fair hearing, and thus opted against postponing the second hearing until almost ten months after the initial hearing, even though Testerman's counsel asserted this was his earliest availability date. Testerman was present and represented by counsel during the first two-day hearing in July 1997, and was able to cross-examine witnesses. Moreover, Carey could have arranged to be present at the second hearing, but chose not to do so. The panel was expressly permitted by NASD rules to continue with the second hearing in Testerman's absence. The district court did not err in finding that the panel had not engaged in misconduct when it refused to postpone the second hearing. See Scott, 141 F.3d at 1016; PaineWebber, 32 F.3d at 146.

We affirm the district court's denial of Testerman's petition to vacate the arbitration award and the district court's confirmation of the arbitration award. See 9 U.S.C. § 9 (1994). We grant Fogleman's motion to submit the case on the briefs because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process. We deny Fogleman's request for sanctions under Fed. R. App. P. 38. See Fed. R. App. P. 38, 1994 advisory committee's note.

AFFIRMED

4