# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2488

_____

| | | |
|---|---|---|
| El Dorado School District #15, Union County, AR, | * | |
| | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Continental Casualty Company, | * | District Court for the |
| | * | Western District of Arkansas. |
| Defendant/Appellant, | * | |
| | * | |
| Jim Easley, Individually and doing business as Industrial Coating Systems, | * | |
| | * | |
| | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Thomas & Parker Waterproofing Company, | * | |
| | * | |
| | * | |
| Defendant/Appellant. | * | |

_____

Submitted:  February 15, 2001

Filed:  April 27, 2001

_____

Before WOLLMAN, Chief Judge, BRIGHT, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

WOLLMAN, Chief Judge.

A contractor and its surety appeal from a district court[1] order entering judgment on an arbitration award.  We affirm.

**I.**

In the spring of 1997, El Dorado School District No. 15 in Union County, Arkansas, was the owner of an aging stadium with a leaky roof.  After soliciting competing bids, the district contracted with Thomas & Parker Waterproofing Company for the application of XYPEX, a cement-based waterproofing compound, to the roof to solve the problem.  Continental Casualty Company, acting as Thomas & Parker's surety, issued a $170,000 performance bond for the project, incorporating by reference the contract between the district and Thomas & Parker.  The contract consisted of two standard forms and the parties' addendums.  Under the contract, disputes would first be submitted in writing to the architect, and, if the parties were not satisfied with the architect's resolution of the problem, would then be subject to binding arbitration.  The project was to be completed by September 1, 1997.

In the late fall of 1997, the district determined that it had become the owner of an aging stadium with a leaky roof coated with XYPEX.  After concluding that Thomas & Parker had neither used the proper application method nor applied enough XYPEX to the outer roof surface, the district consulted with the architect to come up with a remedial plan and, after offering to negotiate for the remedial work to be performed by Thomas & Parker,[2] hired another contractor to fix the problem by coating the underside

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

[2]There is some indication in the record that Thomas & Parker had difficulty maintaining its authorization to apply XYPEX.

of the roof with XYPEX. The record does not reflect the submission of a written claim to the architect. The district refused to pay Thomas & Parker the balance due under the original contract and filed suit in Arkansas state court against the appellants, Thomas & Parker and Continental, to recover the cost of the remedial work. The appellants removed the case to federal district court and filed a motion to dismiss or, in the alternative, to compel arbitration. The district court entered an order staying the action pending arbitration. The district made a demand for arbitration, and an arbitration proceeding was scheduled for December 15-17, 1999.

Prior to the hearing, the appellants filed a motion with the arbitrator to dismiss the arbitration, asserting (1) that by not properly submitting its claim to the architect, the district had failed to fulfill a condition precedent to arbitration; and (2) that the district's claims were barred by laches and waiver because of the delay in bringing the claim and because the district's proceeding with remedial work before arbitration commenced made it impossible to determine whether Thomas & Parker had fulfilled its contractual obligations. The arbitrator denied the motion, concluding that the dispute was appropriate for arbitration and that neither laches nor waiver applied. Thomas & Parker then counterclaimed for the remaining balance on the contract.

On December 13, 1997, appellants' then-counsel moved for a continuance because his eighteen-month-old son had been scheduled for an outpatient surgical procedure to alleviate a recurrent ear infection problem. The district objected on the grounds that the arbitration had been scheduled for almost three months, that the outpatient procedure was relatively minor, that significant preparations had been made and airline tickets purchased on the assumption that the arbitration would take place when scheduled, and that a last-minute continuance on the eve of arbitration would prejudice the district. The arbitrator denied the continuance on December 14. Appellants' counsel did not attend the arbitration and advised his clients not to do so. The arbitrator conducted the hearing and found in favor of the district on both its claim and Thomas & Parker's counterclaim, awarding the district damages in the amount of

$206,409. Thereafter, on the district's motion, the district court entered judgment on the arbitrator's award.

## II.

The appellants contend that the arbitration award should be vacated because the arbitrator "lacked jurisdiction" to consider the district's claim because of the district's failure to submit a written claim to the architect, which appellants argue is a condition precedent to arbitration. As noted earlier, the appellants raised this issue before the arbitrator, who denied their motion to dismiss. The appellants now contend that although the issue was appropriate for resolution by the arbitrator under the doctrine of procedural arbitrability, we should nonetheless set aside that determination because the failure of the condition precedent deprived the arbitrator of jurisdiction. As the district court noted, this is an unusual argument, considering that it was the appellants who filed the motion to compel arbitration on the grounds that the doctrine of procedural arbitrability reserved this question for the arbitrator.

The appellants concede that the question whether the contractual conditions precedent were met is a question of procedural, rather than substantive, arbitrability.

> Our review of the challenged procedural arbitrability determinations must be conducted in light of the established principle that such issues should be left to the arbitrator to decide. This rule of deference is founded on the recognition that (1) procedural questions are often intertwined with the merits of the dispute and (2) the reservation of procedural issues for the courts provides an opportunity for serious delay and duplication of effort. In translating this rule of deference into a standard of review, we must therefore accord even greater deference to the arbitrator's decisions on procedural matters than those bearing on substantive grounds . . . . [A]n arbitrator's conclusions on substantive matters may be vacated only when the award demonstrates a manifest disregard of the law where the arbitrators correctly state the law and then proceed to disregard it, if the

-4-

award is otherwise irrational, or if any of the explicit grounds for vacation or modification set forth in [the Federal Arbitration Act] are present . . . Given the narrow sweep of that standard it is difficult to articulate a standard of even lesser scope to apply for procedural challenges.

Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 748-49 (8th Cir. 1986) (citations omitted).

Our disagreement with an arbitrator's interpretation of the law or determination of facts is an insufficient basis for setting aside his award. Hoffman v. Cargill, Inc., 236 F.3d 458, 462 (8th Cir. 2001). As we noted most recently in Hoffman, when they contract for arbitration, parties should be aware that "'they get what they bargain for and that arbitration is far different from adjudication.'" Id. (quoting Stroh Container, 783 F.3d at 751 n.12). Unlike the question whether a federal court has jurisdiction over a claim, the question of whether the contractual prerequisites to arbitration have been fulfilled are "procedural requirements that go to the heart of the dispute" and do not alter the parties' contractual obligations to arbitrate. Contracting Northwest, Inc. v. City of Fredricksburg, 713 F.2d 382, 386 (8th Cir. 1983).

The appellants also argue that we should vacate the district court's order because neither the arbitrator nor the district court made an express finding of fact that the condition precedent had been met. We find this argument to be without merit. The appellants raised these issues to the arbitrator in their motion to dismiss, and the arbitrator rejected them. That finding does not, in light of the record before us, indicate a manifest disregard for the law. Arbitrators "are not required to elaborate their reasoning supporting an award." Stroh Container, 783 F.2d at 750.

Citing Keymer v. Management Recruiters International, 169 F.3d 501 (8th Cir. 1999), the appellants also assert that the district court should not have entered judgment on the arbitrator's award because, due to the failure of the condition precedent, the

district's claim was not a dispute that the parties had agreed to arbitrate. In addition to squarely contradicting the position taken by appellants in their motion to compel arbitration, this argument is also without merit. In <u>Keymer</u>, the contract's arbitration clause specifically excluded claims arising from one party's decision to terminate the contract. 169 F.3d at 503. In that case, we held that, because the substance of the underlying claim was excepted from arbitration, it was appropriate for the district court to decline to issue a stay pending arbitration. <u>Id.</u> at 506. In this case, the substance of the dispute, whether Thomas & Parker's work fulfilled its contractual obligation, is subject to arbitration; the appellants are challenging whether the district followed the contractually prescribed arbitration process. Thus, we agree with the district court's conclusion that, absent a showing of manifest disregard for the law, the arbitrator's decision that the dispute was properly before him is dispositive. <u>See</u> <u>Stroh Container</u>, 783 F.2d at 749.

Appellants challenge the arbitrator's denial of their motion for a continuance. The Federal Arbitration Act provides that a district court may set aside the determination of an arbitrator "[w]here the [arbitrator was] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." 9 U.S.C. § 10(a)(3). We review the district court's determination for abuse of discretion. <u>DVC-JPW Investors v. Gershman</u>, 5 F.3d 1172, 1174 (8th Cir. 1998). Courts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists. <u>Id.</u> To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination "must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." <u>Grahams Serv. Inc. v. Teamsters Local 975</u>, 700 F.2d 420, 422 (8th Cir. 1982) (quoting <u>Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.</u>, 397 F.2d 594, 599 (3d Cir. 1968)); <u>see also</u> <u>Tempo Shain Corp. v. Bertek</u>, 120 F.3d 16, 20 (2d Cir. 1997 (misconduct must amount to denial of fundamental fairness of arbitration proceeding to justify vacating award). Although each party must be given the opportunity to present its arguments and evidence, an arbitrator is not guilty of misconduct merely

because, in the face of a denial of a requested postponement, a party chooses to absent itself from a duly scheduled hearing.  See Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1016-17 (11th Cir. 1998).

We find nothing in the record before us to indicate that the arbitrator was guilty of misconduct in denying the motion for a continuance.  The appellants have put forth no evidence of misconduct on the arbitrator's part, and their failure to participate in the hearing was the result of their decision not to attend the proceeding.

That the arbitrator did not give specific reasons for the denial does not evidence misconduct.  As we noted above, an arbitrator is not required to elaborate on the reasoning supporting his decision.  Stroh Container, 783 F.2d at 750.  On the record before us, the arbitrator may have determined that postponement was inappropriate because the parties had expended considerable time, effort and money based on the hearing dates, because of the arbitrator's own schedule, or because appellants' counsel had made an insufficient showing that he was unable to attend any of the scheduled three-day hearing.  Any or all of these explanations would provide a reasonable basis for the decision not to postpone.  See Scott, 141 F.3d at 1016.  Accordingly, we find no abuse of discretion in the district court's ruling that the arbitrator had not been guilty of misconduct in denying the motion for a continuance.

The order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-